Citation Nr: 1206479 
Decision Date: 02/22/12 Archive Date: 03/01/12

DOCKET NO. 09-05 784 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia



THE ISSUE

Whether a reduction in the evaluation for eczema, from 30 to 10 percent, was proper.



REPRESENTATION

Appellant represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

David A. Brenningmeyer, Counsel



INTRODUCTION

The Veteran served on active duty from July 1979 to July 1983 and from May 1989 to June 2005.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that reduced the Veteran's evaluation for eczema from 30 to 10 percent, effective July 1, 2008.

In November 2007, the Veteran requested a personal hearing in connection with his appeal. However, his representative withdrew the request in January 2008.


FINDINGS OF FACT

1. In February 2006, the RO granted service connection for eczema, effective from July 1, 2005; a 30 percent evaluation was assigned based on an examination finding that 20 percent of exposed areas were affected. A future examination control date was established at that time.

2. The Veteran underwent a review examination in October 2007; among other things, the examiner noted that one percent of the total body was affected, 10 percent of exposed areas were affected, and the condition had been treated with topical medications.

3. Later that month, the RO entered a rating action proposing to reduce the Veteran's rating for eczema from 30 to 10 percent based on current examination findings; the RO notified the Veteran of the contemplated action, and the reasons therefor, and informed him of his right to submit additional evidence and to appear at a hearing.

4. In April 2008, the RO implemented the proposed reduction to 10 percent, effective from July 1, 2008; on subsequent examination in March 2009, it was noted that 2.5 percent of the total body was affected, 7.5 percent of exposed areas were affected, the condition had been treated with topical medications, and no scar was present.


CONCLUSION OF LAW

The reduction in the evaluation for eczema, from 30 to 10 percent, was proper. 38 U.S.C.A. §§ 1155, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.105, 4.118, Diagnostic Code 7806 (2011).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

In February 2006, the RO granted service connection for eczema and assigned a 30 percent evaluation therefor, effective from July 1, 2005. In October 2007, following an examination earlier that month, the RO entered a rating action proposing to reduce the Veteran's evaluation for eczema from 30 to 10 percent. Subsequently, in April 2008, the RO implemented the proposed reduction, effective from July 1, 2008.

On appeal, the Veteran contends that the 30 percent evaluation should not have been reduced. He argues that the examination in October 2007 was conducted when his condition was inactive, in violation of Ardison v. Brown, 6 Vet. App. 405 (1994). In a January 2012 submission, his representative advanced argument to the effect that the reduction must fail under the provisions of 38 C.F.R. § 3.344.

The Board has reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the matter on appeal and what the evidence in the claims file shows, or fails to show, with respect to that matter. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Disabilities must be reviewed in relation to their history. 38 C.F.R. § 4.1. Other applicable, general policy considerations are: interpreting reports of examination in light of the whole recorded history; reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability, 38 C.F.R. § 4.2; resolving any reasonable doubt regarding the degree of disability in favor of the claimant, 38 C.F.R. § 4.3; where there is a question as to which of two evaluations apply, assigning a higher of the two where the disability picture more nearly approximates the criteria for the next higher rating, 38 C.F.R. § 4.7; and, evaluating functional impairment on the basis of lack of usefulness, and the effects of the disabilities upon the person's ordinary activity, 38 C.F.R. § 4.10. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

Eczema is evaluated in accordance with the criteria set forth in 38 C.F.R. § 4.118, Diagnostic Code 7806. A 10 percent rating is warranted if at least 5 percent, but less than 20 percent, of the entire body or exposed areas are affected, or if intermittent systemic therapy such as corticosteroids or other immunosuppressive drugs have been required for a total duration of less than 6 weeks during the past 12-month period. If 20 to 40 percent of the entire body or exposed areas is affected, or if systemic therapy such as corticosteroids or other immunosuppressive drugs have been required for a total duration of 6 weeks or more during the past 12-month period (but not constantly), a 30 percent rating is warranted. Id.

Eczema can also be rated as disfigurement of the head, face, or neck under Diagnostic Code 7800, or as scars under Diagnostic Codes 7801, 7802, 7803, 7804, or 7805, depending on the predominant disability. Id.

Reductions of previous established evaluations are governed by 38 C.F.R. § 3.105 (2011). That regulation provides, in pertinent part that:

[w]here the reduction in evaluation of a service-connected disability . . . is considered warranted and the lower evaluation would result in a reduction . . . of compensation payments currently being made, a rating proposing the reduction . . . will be prepared setting forth all material facts and reasons. The beneficiary will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefor, and will be given 60 days for the presentation of additional evidence to show that compensation payments should be continued at their present level. Unless otherwise provided in paragraph (i) of this section, if additional evidence is not received within that period, final rating action will be taken and the award will be reduced . . . effective the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires.

Id. Paragraph (i) further provides that VA will inform the beneficiary in the advance written notice of the proposed action that he has the right to a predetermination hearing, provided that the request for such hearing is received by VA within 30 days from the date of the notice. 38 C.F.R. § 3.105(i) (2011). If no predetermination hearing is requested, final action will be based solely on the evidence of record. Id.

In the present case, the Board finds, first, that the due process requirements for reduction have been satisfied. As noted previously, the RO entered a rating action proposing to reduce the Veteran's rating for eczema from 30 to 10 percent in October 2007. Later that month, the RO notified the Veteran of the contemplated action, and the detailed reasons therefor, and also informed him of his right to submit additional evidence and to appear at a hearing. He was told that the RO would reduce his rating if no additional evidence was received within 60 days, and was informed that if he requested a hearing within 30 days, payments would be continued at the current rate until the hearing was held and the RO reviewed the testimony. The Veteran requested a personal hearing in November 2007; however, his representative withdrew the request in January 2008. Thereafter, as noted above, the RO effectuated the reduction by way of an April 2008 rating decision, effective from July 1, 2008. Thus, the due process provisions of 38 C.F.R. § 3.105(e) have been satisfied.

The Board also finds that the arguments presented relative to the provisions of 38 C.F.R. § 3.344 are inapposite. That regulation, by its terms, applies only to ratings which have continued for long periods at the same level (five years or more). 38 C.F.R. § 3.344(c) (2011). Because the 30 percent rating for the Veteran's eczema was in effect for less than five years, the provisions of 38 C.F.R. § 3.344 are inapplicable.

The Board finds, further, that the preponderance of the evidence supports the RO's decision to reduce the Veteran's evaluation for eczema from 30 to 10 percent. The record shows that the original 30 percent evaluation established in February 2006 was based on an examination finding that 20 percent of exposed areas were then affected. When the Veteran was re-examined in October 2007, the examiner noted that the Veteran's condition was manifested by itching and areas of exfoliation and crusting; that it was subject to intermittent flares, usually in winter; and that it resulted in an area of hyperpigmentation and abnormal texture.

The examiner also noted, however, that the condition was then limited to the Veteran's hands (more specifically, the right hand), with only one percent of the total body, and 10 percent of exposed areas, affected. The examiner further noted that the condition had been treated with topical medications; that there was no disfigurement, tissue loss, induration, inflexibility, hypopigmentation, or limitation of motion; and that there was no associated systemic disease or nervous condition. Accordingly, because the evidence did not establish that 20 to 40 percent of the entire body or exposed areas were affected, that systemic therapy such as corticosteroids or other immunosuppressive drugs were required, or that the condition was otherwise manifested by disabling scars, the greater weight of the evidence was against the continued assignment of the prior 30 percent rating.

The Board acknowledges the Veteran's argument that the October 2007 examination was conducted at a time when his condition was inactive, in violation of Ardison, supra. The Board notes, however, that the Veteran wrote the RO in February 2009, reported that he was having a current flare-up of his eczema, and requested that he be scheduled for an examination sometime that month or early the next. Thereafter, he was afforded an examination on March 12, 2009. He described symptoms that occurred intermittently, as often as daily, with each occurrence lasting several days (a total of about 200 attacks in the past year), and reported that the condition caused cracking and bleeding during the winter months that prevented him from washing dishes.

On examination, the examiner noted eczema on the dorsum of both hands manifested by itching, exfoliation, crusting, induration, inflexibility, hypopigmentation, and abnormal texture. The examiner also noted the Veteran's report that he suffered limitation of motion (loss of grasping ability) when the condition flared. The examiner further noted, however, that the condition was limited to the Veteran's hands (right worse than left), with only 2.5 percent of the total body, and 7.5 percent of exposed areas, affected. In addition, the examiner noted that the condition had been treated with topical medications; that there was no ulceration, disfigurement, tissue loss, hyperpigmentation, or scarring; and that there was no associated systemic disease or nervous condition. Despite the Veteran's assertions to the contrary, the examiner described the condition as "quiescent," and it appears that no objective, measurable functional limitation of the hand was then observed.

In short, the March 2009 examination, scheduled in a month he requested and conducted at the end of winter-when the Veteran's condition is reportedly at its worse- did not establish that 20 to 40 percent of the entire body or exposed areas were affected, that systemic therapy such as corticosteroids or other immunosuppressive drugs were required, or that the condition was otherwise manifested by disabling scars. As such, the results of the examination confirmed the propriety of the prior reduction.

Because the issue on appeal does not arise from the receipt of a "substantially complete application" under 38 U.S.C.A. § 5103(a), but rather, arises under 38 C.F.R. § 3.105(e), which permits VA to reduce an evaluation when evidence is received to show that a lower evaluation is in order, the notice provisions of the Veterans Claims Assistance Act of 2000 (VCAA) are not applicable. As noted above, the due process provisions of 38 C.F.R. § 3.105(e) have been satisfied.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the greater weight of the evidence is against the Veteran's appeal, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b) (West 2002); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).


ORDER

The reduction in the evaluation for eczema, from 30 to 10 percent, was proper; the appeal is denied.



____________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs