Citation Nr: 1456900 
Decision Date: 12/30/14 Archive Date: 01/09/15

DOCKET NO. 11-14 342 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

J. Trickey, Associate Counsel







INTRODUCTION

The Veteran served on active duty from May 1970 to November 1971.


This matter comes before the Board of Veterans' Appeals (Board) from a
June 2010 rating decision of the Department of Veterans Affairs VA Regional
Office (RO).

In a May 2014 remand, the Board directed the RO to obtain a VA examination to determine the etiology of the Veteran's current tinnitus disability. This examination was conducted in July 2014 and the case was properly returned to the Board.


FINDING OF FACT

Tinnitus was not manifest during service and is not otherwise related to service or events therein.


CONCLUSION OF LAW

Tinnitus was not incurred in or otherwise due to active duty service. 38 U.S.C.A. § 1110, (West 2014); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to notify and assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See, e.g., 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). 

The RO provided the required notice in a January 2010 letter. This letter informed the Veteran of what evidence was required to substantiate his claim and of his and VA's respective duties for obtaining evidence. The letter also informed the Veteran as to the law pertaining to the assignment of a disability rating and effective date as the Court required in Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

With respect to the duty to assist, the Board finds that all necessary development has been accomplished and appellate review may proceed without prejudice to the Veteran. Specifically, the claims file contains the Veteran's service treatment records, VA medical records, a VA examination report, the Veteran's lay statements, and an informal hearing presentation from the Veteran's representative.

The Veteran was afforded a VA examination in July 2014. The report of this examination reflects that the examiner reviewed the Veteran's past medical history, recorded his current complaints, and conducted an appropriate examination. Supporting rationale was also provided for the opinion proffered. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The Board therefore concludes that the examination is adequate for adjudication purposes. See 38 C.F.R. § 4.2 (2014). 

Based on the foregoing, the Board finds that all relevant facts have been properly developed in this appeal and that no further development is required to comply with the duty to assist the Veteran in developing the facts pertinent to his claim. 

Law and Regulations

In general, service connection may be granted for disability or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303 (2013). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. See 38 C.F.R. § 3.303(d) (2014).

In order to establish service connection for the claimed disorder, there must be (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Analysis

The Veteran contends exposure to acoustic trauma during service caused his current bilateral tinnitus. The Veteran's DD-214 shows his military occupation specialty was radio operator and that he had service in the Republic of Vietnam. The Board finds the Veterans' statements consistent with the circumstances of his service. Accordingly, the Board finds that in-service exposure to acoustic trauma was demonstrated.

The Board acknowledges that the Veteran is competent to report tinnitus. See Charles v. Principi, 16 Vet. App. 370 (2002). Accordingly, a current disability has been demonstrated. Thus, what remains to be established is whether there is a nexus between the diagnosed tinnitus and his in-service disease or injury. 

Service treatment records containing entrance and separation examinations show normal hearing for VA purposes on enlistment and discharge. See 38 C.F.R. § 3.385 (2014). At a November 1971 separation examination, the Veteran reported normal hearing. 

The Veteran was afforded a VA examination in July 2014. Following review of the record and examination, the July 2014 VA examiner opined that the Veteran's tinnitus was less likely than not due to active duty service because the Veteran's hearing loss is not related to service. This is significant because the examiner noted that tinnitus usually occurs with associated hearing loss, and seldom does tinnitus manifest temporarily. The examiner explained that because hearing loss was not related to his active duty service, the Veteran's current tinnitus is less likely than not related to his active duty service. 
The examiner noted that the Veteran had hearing within normal limits at separation from active duty in November 1971. The examiner also noted the Veteran had a significant post-service occupational history of exposure to noisy environments to include working with heavy equipment in construction operating bulldozer and backhoe for 40 years. Additionally, at the July 2014 VA examination, the Veteran reported the onset of tinnitus as "about 20 years ago." The Board notes that an onset of tinnitus in 1994 would be many years after the Veteran was discharged from service 1971.

Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while the latter is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997).

The Board finds the July 2014 VA examiner explained the reasons for her conclusions based on an accurate characterization of the evidence of record and supported her opinion that tinnitus by citing to evidence of record including the Veteran's significant post service construction employment as well as medical principles. For these reasons, the July 2014 VA examination opinion is afforded controlling probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 

The Veteran contends that his tinnitus began during active duty service or is otherwise related to acoustic trauma during his duties as a radio operator. To the extent the Veteran contends that he has had tinnitus since service, this is inconsistent with the evidence of record which shows that the Veteran reported normal hearing at a November 1971 separation examination and that he experienced an onset of tinnitus in approximately 1994. The Board notes that the Veteran is competent to report when he first experienced tinnitus because this requires only personal knowledge as it comes to him through his senses. Layno v. Brown, 6 Vet. App. 465, 470 (1994). 

In determining the weight to be assigned to evidence, the Board notes that credibility can be affected by inconsistent statements, internal inconsistency of statements, inconsistency with other evidence of record, facial implausibility, bad character, interest, bias, self-interest, malingering, desire for monetary gain, and witness demeanor. Caluza v. Brown, 7 Vet. App. 498, 511-12 (1995), aff'd per curiam, 78 F.3d. 604 (Fed. Cir. 1996).

The Board assigns little or no probative value to the Veteran's contention of an onset in service as this statement is inconsistent with the November 1971 separation examination where he reported normal hearing. The Veteran's contention of an onset of tinnitus in service is also inconsistent with the Veteran's report of an onset in approximately 1994 at the July 2014 VA examination. 

While the Veteran is competent to state that he has observable symptoms, he is not competent to render a medical or psychiatric diagnosis. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). There is no evidence showing that the Veteran has medical expertise and he is not competent to provide any medical or psychiatric diagnoses or medical opinions. Additionally, there is no evidence associating or linking his current tinnitus with his active service.

Although the Veteran is entitled to the benefit of the doubt where the evidence is in approximate balance, the benefit of the doubt doctrine in not applicable where, as here, the preponderance of the evidence is against the claim. See 38 U.S.C.A. § 5107(b); see Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).

The Board finds the evidence against the claim to be more probative than the evidence in favor of the claim. 







ORDER

Service connection for tinnitus is denied.




____________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs