Citation Nr: 1505527 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 10-41 226 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to a waiver of overpayment for Montgomery GI Bill (MGIB) benefits in the amount of $2,575.95.

2. Entitlement to a waiver of overpayment for the advance payment of $3,000 for educational benefits.


ATTORNEY FOR THE BOARD

J. Davitian, Counsel








INTRODUCTION

The appellant had active service from February 1989 to May 1993.

These matters come before the Board of Veterans' Appeals (Board) on appeal from June 2010 and July 2010 administrative decisions of the Department of Veterans Affairs (VA) Education Center in Muskogee, Oklahoma. 

When this case was previously before the Board in March 2013, January 2014 and August 2014, it was remanded for additional development. It is now before the Board for final appellate consideration. 


FINDINGS OF FACT

1. An overpayment of MGIB benefits was properly created and the debt of $2,575.95 is valid. 

2. To require recovery of the properly-created indebtedness in the amount of $2,575.95 from the Veteran would not be unfair.

3. An overpayment of VA education benefits was properly created and the debt of $3,000 is valid. 

4. To require recovery of the properly-created indebtedness in the amount of $3,000 from the Veteran would not be unfair.


CONCLUSIONS OF LAW

1. Recovery of the properly-created MGIB overpayment indebtedness of $2,575.95 is not against equity and good conscience. 38 U.S.C.A. § 5302 (West 2014); 38 C.F.R. §§ 1.914, 1.962, 1.963, 1.965 (2014). 

2. Recovery of the properly-created pension overpayment indebtedness of $3,000 is not against equity and good conscience. 38 U.S.C.A. § 5302 (West 2014); 38 C.F.R. §§ 1.914, 1.962, 1.963, 1.965 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Notice and Assistance

VA statutes and regulations relating to notice and development are not applicable to cases involving overpayment and indebtedness. Lueras v. Principi, 18 Vet. App. 435 (2004); Barger v. Principi, 16 Vet. App. 132 (2002). Notwithstanding the fact that the notice and development provisions are not controlling in these matters, the Board has reviewed the case and determined that the appellant has had a fair opportunity to present arguments and evidence in support of his challenges to the validity of the debts and his requests for waivers. 

Legal Analysis

MGIB Benefits in the Amount of $2,575.95

Validity of the Debt

The preliminary issue of the validity of a debt is a threshold determination that must be made in a benefits overpayment debt collection matter. Schaper v. Derwinski, 1 Vet. App. 430 (1991). An overpayment is created when VA determines that a beneficiary or payee has received monetary benefits to which he or she is not entitled. See 38 U.S.C.A. § 5302; 38 C.F.R. § 1.962. 

In this case, the Veteran contends that the overpayment of $2,575.95 was not validly created. He argues that he did not withdraw from school during the Spring 2009 semester. 

The record shows that the Veteran had been awarded education benefits at the full time rate for the Spring 2009 semester. Correspondence from Virginia College Gulf Coast informed VA that the Veteran reduced his course load to 6 credit hours in April 2009. His education award was adjusted accordingly, which led to the overpayment of $2,575.95.

In order for the Board to determine that the overpayment was not properly created, it must be established that the appellant was legally entitled to the benefits in question or, if there was no legal entitlement, then it must be shown that VA was solely responsible for the appellant being erroneously paid benefits. Sole administrative error connotes that the appellant neither had knowledge of nor should have been aware of the erroneous award. Further, neither the appellant's actions nor his failure to act must have contributed to payment pursuant to the erroneous award. 38 U.S.C.A. § 5112(b)(9), (10); 38 C.F.R. § 3.500(b)(2); Jordan v. Brown, 10 Vet. App. 171 (1997). 

In this case, the Veteran was not legally entitled to education benefits for courses from which he had withdrawn. In addition, VA was not responsible for the Veteran's choice to reduce his Spring 2009 course load from fulltime to 6 credit hours. The Veteran knew, or should have known, that the original amount of his education award was for a fulltime course load. The Veteran's own action (withdrawing from courses) resulted in the payment of VA education benefits to which he was not entitled.

Thus, the Board finds that the overpayment at issue in this case was properly created and is a valid debt. Narron v. West, 13 Vet. App. 223 (1999). As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See generally Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001).

Waiver of Recovery of the Overpayment

The Board will now turn to the waiver of the recovery of the $2,575.95 overpayment that was properly created. 

According to the applicable law and regulations, recovery of overpayments of any benefits made under the laws administered by VA shall be waived if there is no indication of fraud, misrepresentation, or bad faith on the part of the person or persons having an interest in obtaining the waiver and if the recovery of the indebtedness from the payee who received such benefits would be against equity and good conscience. 38 U.S.C.A. § 5302; 38 C.F.R. §§ 1.962, 1.963(a), 1.965. 

In this case, the Board has not found any evidence of fraud, misrepresentation, or bad faith on the part of the Veteran in the creation of the overpayment. The question now before the Board is whether the facts dictate that a waiver should be granted under the standard of "equity and good conscience." 

The phrase "equity and good conscience" means the arrival at a fair decision between the obligor and the Government. In making this determination, consideration will be given to the following elements (which are not intended to be all-inclusive): (1) fault of the debtor, (2) balancing of faults between the debtor and VA, (3) undue hardship of collection on the debtor, (4) defeat of the purpose of an existing benefit to the appellant, (5) unjust enrichment of the appellant, and (6) whether the appellant changed positions to his or her detriment in reliance upon a granted VA benefit. 38 U.S.C.A. § 5302; 38 C.F.R. § 1.965(a). 

The standard of "equity and good conscience" will be applied when the facts and circumstances in a particular case indicate a need for reasonableness and moderation in the exercise of the Government's rights. The decision reached should not be unduly favorable or adverse to either side. 38 C.F.R. § 1.965(a). 

The first factor to consider is the fault of the debtor in creating the debt. Here, the debt was created because the Veteran reduced his Spring 2009 course load from fulltime to 6 credit hours. As for balancing the relative faults of the Veteran and VA, the record does not show that VA had any fault in the creation of the overpayment, and indeed the Veteran has not so argued. 

The next consideration is whether requiring repayment of the overpayment would impose undue hardship of collection on the debtor, thereby defeating the purpose of the benefit to the Veteran. In this regard, the Veteran has consistently argued that to recoup the debt would result in undue hardship. 

In July 2010, the Veteran submitted a Financial Status Report (FSR) indicating he had total monthly expenses of $1205. The expenses included $505 of monthly payments on debt to a bank. The Veteran reported that he had income of $1291. In a July 2010 denial of the appellant's waiver, the Committee noted that the appellant's financial hardship appeared to be temporary in nature. In an FSR received in May 2011, the Veteran indicated that he had total monthly expenses of $1400 and a total monthly net income of $1200. The monthly expenses included $300 for a car. A December 2012 letter to the Veteran from VA reflects that he had no income and payments of $534 a month from VA and $826 from Social Security, higher than the amounts listed in the May 2011 FSR.

In April 2014, the Veteran stated that his income had decreased by $200 a month. As a result, VA asked him to submit current financial information. An October 2013 FSR provides that the Veteran had a reported monthly income of $2,006 and monthly expenses of $1,400. The Veteran stated that he could pay $50 a month toward his debt. 

As the Veteran's current monthly income exceeds his current monthly expenses, and he concedes he could repay some of his debts on a monthly basis, the Board finds that recovery of the debt would not create an undue hardship. There is no evidence that recovery of the overpayment would deprive the Veteran of basic necessities. Withholding of benefits for recovery of the overpayment would not nullify the objective for which the benefits were intended, as the Veteran was in receipt of benefits to which he was not legally entitled. Furthermore, the Veteran would be unjustly enriched if the benefits were not recovered, since failure to make restitution would result in unfair gain to him, as he was erroneously paid benefits to which he was not entitled. There is no indication that the Veteran changed positions to his detriment in reliance upon the VA education benefits he was awarded. 

Finally, since the overpayment of VA education benefits is a valid debt to the United States Government, there is no reason the Veteran should not accord the Government the same consideration that he accords his private creditors. 

In sum, the Board concludes that the facts in this case do not demonstrate that the recovery of the overpayment of $2,575.95 would be against equity and good conscience. 38 U.S.C.A. § 5107(b). In essence, the elements of equity and good conscience are not in the Veteran's favor. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See generally Gilbert, supra; Ortiz, supra.

Advance Payment of $3,000

Validity of the Debt

The Veteran does not contend that the overpayment of $3,000 was not validly created. In fact, the primary purpose of the advance payment was to create an overpayment in order to allow the Veteran earlier access to educational assistance payments. The advance was, essentially, a loan which was to be paid back by offsets from future education benefits. Because the advance payment by definition necessitated the creation of a debt, the Board concludes that the debt in the amount of $3,000 for an advance payment of educational assistance benefits was properly created. Generally, an overpayment of educational assistance under the Post-9/11 GI Bill constitutes a liability of that individual. 38 U.S.C.A. § 3323; 38 C.F.R. § 21.9695. 

Thus, the Board finds that the overpayment at issue in this case was properly created and is a valid debt. Narron, supra. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See generally Gilbert, supra; Ortiz, supra.

Waiver of Recovery of the Overpayment

The Board will now turn to the waiver of the recovery of the $3,000 overpayment that was properly created. 

In this case, the Board has not found any evidence of fraud, misrepresentation, or bad faith on the part of the Veteran in the creation of the overpayment. The question now before the Board is whether the facts dictate that a waiver should be granted under the standard of "equity and good conscience." 

The first factor to consider is the fault of the debtor in creating the debt. Here, the fault of this debt is equally that of the Veteran and VA. That is, the $3,000 advance payment was ostensibly a beneficial plan that both parties expressly chose to participate in. Fault, therefore, is not a particularly relevant element in this case because the primary purpose of the advance payment was to create the debt in question, by agreement between VA and the Veteran. 

The next consideration is whether requiring repayment of the overpayment would impose undue hardship of collection on the debtor, thereby defeating the purpose of the benefit to the Veteran. On this point, as noted above, the Veteran's current monthly income exceeds his current monthly expenses. He concedes he could repay some of his debts on a monthly basis. Thus, the Board finds that recovery of the debt would not create an undue hardship. There is no evidence that recovery of the overpayment would deprive the Veteran of basic necessities. 

The Board next finds that recovery of the overpayment would not defeat the purpose of an existing benefit to the Veteran. The collection of the advance payment could not defeat the purpose of an existing benefit to the Veteran because the primary purpose of the benefit was an advance payment that would necessarily result in a debt. If anything, the purpose of the benefit would be defeated if the advance payment was not recouped. There is no evidence that the withholding of benefits for recovery would nullify the objective for which benefits were intended.

The Board also finds that failure to recover the overpayment would result in an unjust enrichment of the Veteran. The advance payment program was expressly created for the purposes of creating a debt which would later be recouped from the Veteran's education benefits. In authorizing the advance payment, it was expected that the amount would be recouped by an offset or reduction in future education payments. There is no indication that the Veteran changed position to his detriment in reliance upon the advance of the VA education benefits. Instead, the creation of the debt was to his benefit.

Finally, since the overpayment of VA pension benefits was a valid debt to the United States Government, there is no reason the Veteran should not have accorded the Government the same consideration that he accords his private creditors.

In sum, the Board concludes that the facts in this case do not demonstrate that the recovery of the overpayment of $3,000 would be against equity and good conscience. 38 U.S.C.A. § 5107(b). In essence, the elements of equity and good conscience are not in the Veteran's favor. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See generally Gilbert, supra; Ortiz, supra.


ORDER

Waiver of recovery of debt in the amount of $2,575.95 resulting from the overpayment of MGIB benefits is denied. 

Waiver of recovery of debt in the amount of $3,000 resulting from the overpayment of VA education benefits is denied.



____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs