Citation Nr: 1523827 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 13-33 804 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to waiver of overpayment of VA educational assistance (Chapter 33, Title 38, U.S.C. education benefits) in the amount of $2285.30, to include the validity of the debt. 


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

H. M. Walker, Counsel

INTRODUCTION

The Veteran served on active duty from July 1997 to May 2003. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of an October 2012 decision of the Department of Veterans Affairs (VA) Education Center at the Regional Office (RO) in Buffalo, New York, which denied the benefit on appeal.

In July 2014, the Veteran appeared and testified at a Central Office hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is associated with the Veteran's claims file. 

In addition to a paper claims file, the Veteran also has an electronic file in Virtual VA and/or VBMS. The Board has reviewed both the paper and electronic records in rendering this decision. 


FINDINGS OF FACT

1. The withdrawal of classes from March 19, 2012, to August 17, 2012, has resulted in an overpayment of benefits in the amount of $2285.30.

2. The Veteran did not contact VA to report her withdrawal from classes, but is not shown to have committed fraud, misrepresentation, or bad faith in the creation of the overpayment.
 
3. A waiver of repayment of this debt would result in unfair enrichment to the Veteran; recovery of this overpayment will not subject her to undue hardship sufficient to warrant a waiver of the debt.
 
4. Recovery of the amount of the debt in the amount of $2285.30 would not be against "equity and good conscience."


CONCLUSIONS OF LAW

1. The overpayment of VA of educational assistance benefits in the amount of $2285.30 was properly created and not due to sole VA error. 38 U.S.C.A. §§ 5112, 5302 (West 2002); 38 C.F.R. § 3.500 (2014).

2. The criteria for waiver of recovery of the $2285.30 in education benefits have not been met. 38 U.S.C.A. § 5302 (West 2002); 38 C.F.R. §§ 1.956, 1.962, 1.963, 1.965 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

VA generally has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102 , 3.156(a), 3.159, 3.326(a). These provisions do not apply in waiver cases, however, because the statutory right to request waiver of recovery of indebtedness within Chapter 53 of Title 38 of the United States Code contains its own notice provisions. See Lueras v. Principi, 18 Vet. App. 435 (2004) citing Barger v. Principi, 16 Vet. App. 132 (2002); see also 38 U.S.C.A. § 5302. 

Notwithstanding the fact that the VCAA is not controlling in these matters, the Board has reviewed the case for purposes of ascertaining that the Veteran has had a fair opportunity to present arguments and evidence in support of her request for a waiver. In short, the Board concludes from that review that the requirements for the fair development of the waiver request have been met in this case.

Analysis

Validity of the Debt

The preliminary issue of the validity of a debt is a threshold determination that must be made prior to a decision on a request for waiver of the indebtedness. See Schaper v. Derwinski, 1 Vet. App. 430 (1991).

The Veteran contends that although the debt is valid, there were mitigating circumstances causing her to withdraw from her classes between March 2012 and August 2012 resulting in the overpayment. 

First, the Board notes that there is no dispute as to the essential facts in this case. The Veteran did not complete her courses from March 2012 to August 2012, she did not report her withdrawal to VA, and VA paid out $2285.30 in education benefits (including $1062.50 in books, $911.48 in in housing, and 311.32 in tuition). As such, an overpayment of $2285.30 was created.

In order for the Board to determine that the overpayment was not properly created, it must be established that the Veteran was legally entitled to the benefits in question or, if there was no legal entitlement, then it must be shown that VA was solely responsible for the Veteran being erroneously paid benefits. Sole administrative error connotes that the Veteran neither had knowledge of nor should have been aware of the erroneous award. Further, neither the Veteran's actions nor her failure to act must have contributed to payment pursuant to the erroneous award. 38 U.S.C.A. § 5112(b)(9), (10); 38 C.F.R. § 3.500(b)(2); Jordan v. Brown, 10 Vet. App. 171 (1997). 

In this case, the Veteran was not legally entitled to education benefits for courses from which she had withdrawn. In addition, VA was not responsible for the Veteran's choice to withdraw from courses between March 2012 and August 2012. The Veteran knew, or should have known, that she was receiving education benefits during a timeframe in which she was not attending school. The Veteran's own action (withdrawing from courses) resulted in the payment of VA education benefits to which she was not entitled.

In this case, the manner in which VA calculated the overpayment debt is not in dispute. In calculating an overpayment amount for an individual who does not complete one or more courses in the certified period of enrollment for which he or she received payment, and who does not substantiate mitigating circumstances for not completing such course or courses, VA will establish an overpayment equal to the amount of educational assistance paid for the course or courses not completed during the certified period of enrollment. 38 C.F.R. § 21.9695(4)(i) (2014). 

Rather, the Veteran appears to assert that the debt is not valid due to mitigating circumstances whereby she alleges that she had to withdraw from enrollment due to possible martial separation, high stress, care for her children, "familial crisis," and financial hardship. 

Specifically, VA regulation provides examples of mitigating circumstances, which include but are not limited to: (1) an illness or mental illness of the individual; (2) an illness or death in the individual's family; (3) an unavoidable change in the individual's conditions of employment; (4) an unavoidable geographical transfer resulting from the individual's employment; (5) immediate family or financial obligations beyond the control of the individual that require him or her to suspend pursuit of the program of education to obtain employment; (6) discontinuance of the course by the educational institution; (7) unanticipated active duty for training; or (8) unanticipated difficulties in caring for the individual's child or children. See 38 C.F.R. § 21.9505 (2014). 

Importantly, in considering the examples of mitigating circumstances listed above, the Board acknowledges the Veteran's reports of having to homeschool her children and her need to redirect her focus on her children and familial priorities. Although the Board is understanding and sympathetic to the situation as reported by the Veteran, Board finds that this particular issue is not the type of mitigating circumstance contemplated by the regulation. In particular, the Veteran's circumstance as described does not involve a change in employment. During the period in question, the Veteran had been in school and homeschooling her children. Further, she did not report that she needed to seek employment due to her self-reported financial crisis (although she later sought employment), nor had she been called up to active duty. She did not report a personal illness or illness of an immediate family member. Finally, she did not report any difficulties caring for her children that are "unanticipated" or rise to the level of a mitigating circumstance. From the record, it appears that the Veteran has been homeschooling her children for some time and continued to do so while attending her courses. Therefore, her assertions of stress, possible marital separation, and "family hardship," do not rise to the level of a mitigating circumstance. 

In sum, because the Veteran withdrew from her enrolled courses without mitigating circumstances, and there is no dispute as to the actual amounts in question, an overpayment in education benefits in the amount of $2285.30 was properly created.

Thus, the Board finds that the overpayment at issue in this case was properly created and is a valid debt. Narron v. West, 13 Vet. App. 223 (1999). As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See generally Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001).

Waiver of Overpayment

Next the Board turns to whether the Veteran's overpayment should be waived. 

The Veteran contends that her withdrawal from classes was justified due to "unexpected family and financial hardship and difficulties." She also contends that she thought Liberty University had notified VA about her withdrawal. 

In this case, the Board has not found any evidence of fraud, misrepresentation, or bad faith on the part of the Veteran in the creation of the overpayment. The question now before the Board is whether the facts dictate that a waiver should be granted under the standard of "equity and good conscience."

As noted above, the standard of "equity and good conscience" will be applied when the facts and circumstances in a particular case indicate a need for reasonableness and moderation in the exercise of the Government's rights. The decision reached should not be unduly favorable or adverse to either side. 38 C.F.R. § 1.965(a). 

The first factor to consider is the fault of the debtor in creating the debt. Here, the debt was created because the Veteran withdrew from her courses between March 2012 and August 2012. As for balancing the relative faults of the Veteran and VA, the record does not show that VA had any fault in the creation of the overpayment, and indeed the Veteran has not so argued.

The next consideration is whether requiring repayment of the overpayment would impose undue hardship of collection on the debtor, thereby defeating the purpose of the benefit to the Veteran. In this regard, the Veteran has consistently argued that to recoup the debt would result in undue hardship. 

In July 2012, the Veteran submitted a Financial Status Report (FSR) indicating she had total monthly expenses of $4262.00. The Veteran reported that she had household income of $5091.22. She asserted that she could not repay any money on a monthly basis towards her debt. However, she listed her net monthly income, minus expenses, as $829.00. 

In an October 2012 denial of the Veteran's waiver, the Committee noted that the Veteran was unemployed, but was able to supply her basic subsistence expenses and payment over the next three to five years would not cause undue hardship. 

As the Veteran's current monthly household income exceeds her current monthly expenses, the Board finds that recovery of the debt would not create an undue hardship. She also testified that she repaid her debt to VA, is currently employed, and her husband's BAH pays for their housing in Mauritania. 

There is no evidence that recovery of the overpayment deprived the Veteran of basic necessities. Withholding of benefits for recovery of the overpayment did not nullify the objective for which the benefits were intended, as the Veteran was in receipt of benefits to which she was not legally entitled. Furthermore, the Veteran would be unjustly enriched if the benefits were not recovered, since failure to make restitution would result in unfair gain to her, as she was erroneously paid benefits to which she was not entitled. There is no indication that the Veteran changed positions to her detriment in reliance upon the VA education benefits she was awarded. 

Finally, since the overpayment of VA education benefits is a valid debt to the United States Government, there is no reason the Veteran should not accord the Government the same consideration that she accords her private creditors. 

In sum, the Board concludes that the facts in this case do not demonstrate that the recovery of the overpayment of $2285.30 would be against equity and good conscience. 38 U.S.C.A. § 5107(b). In essence, the elements of equity and good conscience are not in the Veteran's favor. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See generally Gilbert, supra; Ortiz, supra.


ORDER

Waiver of recovery of an overpayment of educational assistance benefits in the amount of $2285.30 is denied.



____________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs