Citation Nr: 1528198 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 11-01 011 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for bilateral knee disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

N. Rippel, Counsel


INTRODUCTION

The Veteran served on active duty from March 1973 to March 1975. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office in St. Petersburg, Florida that denied the petition to reopen a claim for service connection for bilateral knee disability. 

In October 2014, the Veteran provided testimony at a Travel Board hearing before the undersigned Veterans Law Judge sitting at the RO. 

The Veteran's record before the VA consists of an electronic record located in Virtual VA/VBMS.

In December 2014, the Board found that new and material evidence had been submitted to reopen the claim of service connection for bilateral knee disability, reopened the claim and remanded it to the Agency of Original Jurisdiction (AOJ) for additional development. The case has been returned to the Board for appellate review. 


FINDING OF FACT

The evidence is in equipoise as to whether the Veteran's current bilateral knee disability is causally related to his active service. 


CONCLUSION OF LAW

Service connection for a bilateral knee disability is warranted. 38 U.S.C.A. §§ 1110, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duty to Notify and Assist 

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). 

Here, given the Board's favorable disposition of and grant of service connection for a bilateral knee disability, the Board finds that all notification and development actions needed to fairly adjudicate the appeal with regard to the issue has been accomplished. Any lapse in duties to notify or assist has not prejudiced the claim. 

Service Connection

Generally, service connection may be granted for a disability or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). 
To establish entitlement to service-connected compensation benefits, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called 'nexus' requirement." Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d) (2014). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

An alternative method of establishing the second and third elements of service connection for those disabilities identified as "chronic" under 38 C.F.R. § 3.309(a), is through a demonstration of continuity of symptomatology. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); Barr v. Nicholson, 21 Vet. App. 303, 307 (2007). In addition, certain chronic disabilities, such as arthritis, are presumed to have been incurred or aggravated in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307(a), 3.309(a). 

The determination as to whether the requirements for service connection are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C.A. § 7104(a); Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

If there is at least an approximate balance of positive and negative evidence regarding any issue material to the claim, the claimant shall be given the benefit of the doubt in resolving each such issue. 38 U.S.C.A. § 5107; Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); 38 C.F.R. §§ 3.102. On the other hand, if the Board determines that the preponderance of the evidence is against the claim, it has necessarily found that the evidence is not in approximate balance, and the benefit of the doubt rule is not applicable. Ortiz, 274 F.3d at 1365.

The Veteran seeks service connection for a bilateral knee disability. He urges that he fell and hurt his knees multiple times onboard ship when the railings and ladders were greased by his shipmates as pranks. He also indicated he was racially harassed. He did not seek treatment but his knees have bothered him since that time. 

The Veteran has a diagnosis of bilateral degenerative joint disease of the knees during the period on appeal, noted by both a VA examiner and a private physician. As a result, Shedden requirement (1) is met. The Board now turns to Shedden requirements (2) and (3).

As to the element of in-service incurrence or aggravation of a disease or injury, the Board noted in the earlier remand that it presumed the Veteran credible for purposes of reopening the claim. See Justus v. Principi, 3 Veteran. App. 510 (1992). The Board has further considered the Veteran's testimony and finds that it is generally credible as to the allegations that he was harassed by pranksters onboard ship and that he fell down the ladders of the ship on multiple occasions. The Board also accepts that he hurt his knees during these incidents but that generally he did not complain or seek treatment due to the circumstances onboard ship. Thus, the Board finds that Shedden requirement (2) is met.

As to element (3), a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called 'nexus' requirement, the Board finds the evidence in equipoise or evenly balanced for and against the claim. Specifically, the Board obtained a February 2015 VA examination in which the examiner opined that, "The condition claimed was less likely than not (less than 50% probability) incurred in or caused by the claimed in-service injury, event or illness. The examiner explained that he reviewed the VBMS file, but was unable to read all of the documents of the STRs because they were blurry. He could not confirm all of the veteran's historical statements/diagnoses with those records. The examiner stated that if there was some omission or clarification /addendum is needed, tab that part of the record and send back for the examiner's completion. He noted that the separation physical did show no evidence of knee impairment so any disability after such would have no causative or aggravating relationship, absent that. 

However, the Veteran submitted a favorable medical opinion in April 2015 from T.M.M., M.D., a physician who indicated that he examined the Veteran and reviewed his medical history. The examiner noted that the Veteran had multiple contusions of both knees with falls and contusions on the stairwells and developed as a result patellofemoral chondromalacia and DJD and meniscal tears. Dr. M. made a diagnosis of longstanding bilateral knee degenerative joint disease and opined that it was initially due to multiple contusions while he was in service from 1972 to 1975. The examiner also noted degenerative meniscal tears and patellofemoral chondromalacia debrided in the 1990's with arthroscopies and now this developed into increasing arthritis with bone on bone contact of medial compartments of both knees. 

Thus, the record contains conflicting medical opinions on whether the Veteran's current bilateral knee disability is related to his in-service falls. The Board's duty is to assess the probative value of the medical evidence. Here, the Board finds that the probative value of the conflicting medical opinions are at least in equipoise, not one of the opinions is more probative than the other opinion. 

Given the Veteran's competent credible testimony of injury of the knees and pain since service, and the positive private nexus opinion, the Board finds that when viewed in the light most favorable to the Veteran, the evidence of record is at least in equipoise on whether the Veteran's bilateral knee disability is related to his period of service. Resolving any doubt in the Veteran's favor, the Board finds that the criteria for service connection for bilateral knee disability are met. 38 U.S.C.A. § 5107(b) ; 38 C.F.R. § 3.102. 


ORDER

Service connection for a bilateral knee disability is granted. 



____________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs