**Emilio R. ORTIZ, Sr., Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7006.**

United States Court of Appeals, Federal Circuit.

Dec. 17, 2001.

Kenneth D. Auerbach, Law Office of Kenneth D. Auerbach, of Silver Spring, MD, argued for claimant-appellant.

Carolyn J. Craig, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. On the

brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; Mark A. Melnick, Assistant Director; and Armondo O. Bonilla, Trial Attorney. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michelle Doses Bernstein, Attorney, Department of Veterans Affairs, of Washington, DC.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

Emilio R. Ortiz, Sr., appeals from the decision of the United States Court of Appeals for Veterans Claims affirming the denial of his claim for service connection for back disability by the Board of Veterans' Appeals ("the Board"). *Ortiz v. Gober*, No. 99–173, 2000 WL 1056365 (Vet.App. Aug.1, 2000). Ortiz alleges that the court improperly refused to apply the "benefit of the doubt rule" under 38 U.S.C. § 5107 to the evidence of record. Because we conclude that the Court of Appeals for Veterans Claims correctly determined that the benefit of the doubt rule has no application in cases in which the Board has found that a preponderance of the evidence is against the veteran's claim, we affirm.

## BACKGROUND

Mr. Ortiz served on active duty from January to October 1951. *Id.* at *1. In May 1970, Ortiz filed a claim for, *inter alia*, a back injury allegedly incurred during service, which the Department of Veterans Affairs ("VA") Regional Office later denied. *Id.* at *1, *2. In January 1978, the Board denied Ortiz's appeal of that decision. *Id.* at *2. After repeated attempts to reopen his claim based on new medical evidence, the Board finally granted Ortiz's request on May 23, 1996, and remanded the matter to the VA to consider Ortiz's new evidence on the merits. *Id.* at *2–*4.

After the VA obtained all of Ortiz's available medical records, the Board again denied his claim. *Id.* at *4. The Board determined that Ortiz's statements that he had injured his back in service as a result of slipping in the shower lacked credibility, and that the medical opinions attributing his back pain to his in-service shower accident were of limited probative value because they were based only on Ortiz's account of his injury. *Id.* at *5. The Court of Appeals for Veterans Claims, in reviewing the Board's decision, determined that the record contained a plausible basis for the Board's determination that the preponderance of the evidence was against Ortiz's claim. *Id.* The court went on to conclude that " '[b]ecause there is a plausible basis in the record for the [Board's] decision that the preponderance of the evidence was against the appellant's claim, the benefit of the doubt doctrine does not apply.' " *Id.* (quoting *Hayes v. Brown*, 5 Vet.App. 60, 69–70 (1993)). Ortiz timely appealed to this court pursuant to 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review a decision of the Court of Appeals for Veterans Claims is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (1994). A party may obtain review of a decision "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the

Court in making the decision." 38 U.S.C. § 7292(a) (Supp. V 1999).

■ The only issue raised by Ortiz on appeal is whether the benefit of the doubt rule can be applied in cases in which the Board finds that a preponderance of the evidence is against the veteran's claim for benefits. That issue, involving statutory interpretation, is one over which we have jurisdiction. Ortiz argues that even if the preponderance of the evidence is against such a claim, the evidence may nevertheless be in "approximate balance," thus triggering the application of the benefit of the doubt rule. We disagree, and conclude that the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant.

The benefit of the doubt rule is codified at 38 U.S.C. § 5107, which provides that:

> The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an *approximate balance* of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

38 U.S.C.A § 5107(b) (West Supp.2001) (emphasis added). The implementing regulation, 38 C.F.R. § 3.102, restates that provision in terms of "reasonable doubt":

> When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt is meant one which exists because of an approximate balance of positive

and negative evidence which does not satisfactorily prove or disprove the claim.

38 C.F.R. § 3.102 (2001). Thus, when the positive and negative evidence relating to a veteran's claim for benefits are in "approximate balance," thereby creating a "reasonable doubt" as to the merits of his or her claim, the veteran must prevail.

■ Any question of statutory interpretation begins with the language of the statute itself. *Miller v. Dep't of the Army,* 987 F.2d 1552, 1555 (Fed.Cir.1993) (citing *MCI Telecomms. Corp. v. United States,* 878 F.2d 362, 365 (Fed.Cir.1989)). If the statute is clear and unambiguous on its face, as is the case here, " 'there is usually no need to resort to the legislative history underlying the statute.' " *Munson v. MSPB,* 216 F.3d 1037, 1040 (Fed.Cir.2000) (quoting *Reid v. Dep't of Commerce,* 793 F.2d 277, 281 (Fed.Cir.1986)).

■ As conceded by Ortiz, the term "approximate," which is the key word in § 5107, is generally understood to mean "almost exact ... close to ... nearly the same." *American Heritage College Dictionary* 67 (3d ed.1993); *see also Webster's New World Dictionary* 68 (3d ed.1988) (defining "approximate" as "more or less correct or exact ... to come near to; approach or almost be the same"). The word "balance," which is modified by the term "approximate," is defined as "a state of equilibrium or equipoise ... to be equal in value, weight...." *Webster's New World Dictionary* 104 (3d ed.1993). Thus, evidence is in "approximate balance" when the evidence in favor of and opposing the veteran's claim is found to be "almost exact[ly or] nearly" "equal." Another way of viewing the statute is to consider that it applies when the determination whether

the claimant is entitled to benefits is "too close to call." Whether the positive and negative evidence renders a decision "too close to call" can perhaps be best understood by analogizing to sandlot baseball's "tie goes to the runner" rule. As explained by the Court of Appeals for Veterans Claims in *Gilbert v. Derwinski*, the "tie goes to the runner" rule in sandlot baseball can be summarized as follows: If the umpire determines that the ball beats the runner to the base, the runner is called out. However, if it appears that (but is unclear whether) the runner and the ball arrived at the base at the same time, then the runner is safe by operation of the "tie goes to the runner" rule. *Gilbert v. Derwinski*, 1 Vet.App. 49, 54–55 (1990). The statutory benefit of the doubt rule thus would apply only when the factfinder determines that the positive and negative evidence relating to the veteran's claim are "nearly equal," thus rendering any decision on the merits "too close to call."

■ A finding that a "preponderance of the evidence" leads to a determination of a particular fact is quite different from the situation in which the contrary evidence is "nearly equal" or "too close to call." The burden of proving something by a preponderance of the evidence requires "the trier of fact 'to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence.'" *In re Winship*, 397 U.S. 358, 371–72, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring) (quoting F. James, *Civil Procedure* 250–51 (1965)). This burden of proof is not amenable to any mathematical formula, such as the often-recited "fifty-one percent/forty-nine percent" rule. *See id.* at 371 n. 3, 90 S.Ct. 1068 ("The preponderance test has been criticized, justifiably in my view, when it is read as asking the trier of fact to weigh in some objective sense the quantity of evidence submitted by each side rather than asking him to decide what he believes most probably happened."); *see also Sargent v. Mass. Accident Co.*, 307 Mass. 246, 29 N.E.2d 825, 827 (1940) (stating that it is "not enough that mathematically the chances somewhat favor a proposition to be proved"). Rather, a preponderance of the evidence can be said to "describe a state of proof that *persuades* the factfinders that the points in question are 'more probably so than not.'" Mueller & Kirkpatrick, *Evidence* § 3.3 (1995) (emphasis added).

■ Thus, if the Board is persuaded that the preponderant evidence weighs either for or against the veteran's claim, it necessarily has determined that the evidence is not "nearly equal" or "too close to call," and the benefit of the doubt rule therefore has no application. Alternatively, the benefit of the doubt rule may be viewed as shifting the "risk of nonpersuasion" onto the VA to prove that the veteran is not entitled to benefits. *See Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267, 281, 114 S.Ct. 2251, 129 L.Ed.2d 221 (Souter, J., dissenting) (finding that the "true doubt" rule applied by the Department of Labor in adjudicating benefits claims under the Black Lung Benefits Act and the Longshore and Harbor Workers' Compensation Act, which dictates that the claimant wins if the evidence is evenly balanced, essentially "places the risk of nonpersuasion on the opponent of the benefits claim" (citing J. Wigmore, *Evidence* § 2486 (J. Chadbourn rev.1981))). From that perspective, if the Board finds that the positive and negative evidence relating to a veteran's claim are in "approximate

balance," then the placement of the risk of nonpersuasion on the VA dictates a finding in favor of the claimant. If, however, the Board determines that the preponderance of the evidence is against the veteran's claim, then it necessarily has been persuaded to find in favor of the VA, and thus the VA has overcome its risk of nonpersuasion. Under either view of the benefit of the doubt rule, the result is the same. Accordingly, we conclude that a finding that evidence preponderates in one direction precludes a finding that the positive and negative evidence is in "approximate balance," and we therefore interpret the clear and unambiguous language of § 5107(b) and its accompanying regulation to have no application where the Board determines that the preponderance of the evidence weighs against the veteran's claim.

## CONCLUSION

Because the Court of Appeals for Veterans Claims did not err in its interpretation of the benefit of the doubt rule as applied to Ortiz's back injury claim, we AFFIRM.