NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7132

MANUELA F. HITE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Manuela F. Hite, of Spring Lake, North Carolina, pro se.

Christopher L. Krafchek, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7132

MANUELA F. HITE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States of Court of Appeals for Veterans Claims in 07-0843, Judge Robert N. Davis.

_____

DECIDED: January 8, 2010

_____

Before NEWMAN, FRIEDMAN and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Manuela F. Hite, widow of veteran Bobbie L. Hite, appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals ("Board") denying Mrs. Hite's claim for dependency and indemnity compensation based on service connection for her husband's cause of death.

Hite v. Shinseki, No. 07-0843, 2009 WL 1041429 (Vet. App. Apr. 20, 2009) (reconsideration denied June 10, 2009). On review of the issues and arguments presented by Mrs. Hite, we conclude that the appeal is based solely on factual determinations whose review is not within this court's jurisdiction. The appeal is dismissed.

## DISCUSSION

Mrs. Hite's husband served on active duty in the United States Army from May 1970 to July 1993. He died in June 1997, of hypertensive cardiovascular disease. Before his death, he had not asserted service connection for any illness or disability. Upon Mrs. Hite's claim, the Board reviewed Mr. Hite's in-service medical records, including records of a 1973 examination, a 1976 examination, a 1988 examination, and a 1991 examination. Records from the 1988 examination noted an abnormal control electrocardiogram ("EKG") manifested after the examining physician administered a treadmill stress test, although the EKG during the stress test was normal. In view of this apparently conflicting test information, the Board in 2002 obtained a medical review of Mr. Hite's service records. The reviewing physician concluded that the normal EKG results during the stress test superseded any abnormal EKG during the control test, and concluded that Mr. Hite's cause of death was unrelated to his service. The Board relied on the reviewing physician's opinion, and stated that "there is no medical evidence to support the contention that the veteran's death was in any way related to service." Board Op. at 7.

On appeal, the Veterans Court found that the Board erred by failing to discuss the issue of hypertension, for Mrs. Hite stated that blood pressure readings throughout her husband's service records and thereafter showed hypertension, including (1) a 1980 reading of 123/82; (2) a 1982 reading of 130/90; (3) a 1983 reading of 126/80; (4) a 1986

reading of 138/76; (5) a 1988 reading of 126/82; (6) a 1992 reading of 136/90; (7) a 1995 reading of 165/101; and (8) a 2000 reading of 132/80. The Veterans Court explained that hypertension is statutorily defined as a reading showing a diastolic pressure of 90 mm or greater, when readings are taken two or more times on three consecutive days, citing 38 C.F.R. §4.104, Diagnostic Code 7101 (2008). The Veterans Court then reviewed Mr. Hite's medical records and found "only the April 1982 reading showing a diastolic pressure of 90 or higher." Veterans Court Decision at 4. The Veterans Court discounted this 1982 reading because it was taken in the emergency room after Mr. Hite sustained an injury during a parachute training jump. The Veterans Court observed that the 1995 reading of 165/101 was taken more than two years after the conclusion of Mr. Hite's service, and was outside of the one-year presumptive period. The court found that the evidence did not support a finding that the veteran suffered from hypertension during service or within one year thereafter. Thus the court concluded that any error by the Board with respect to consideration of hypertension was harmless error. Mrs. Hite moved for reconsideration, which the Veterans Court denied.

In this appeal, Mrs. Hite challenges the Veterans Court's factual determinations, asserting that "more facts support[] service connection than denial [of service connection]." She argues that the Veterans Court improperly discounted the April 1982 blood pressure reading, improperly credited the 2002 medical opinion interpreting the results of the control and stress test EKG readings, and improperly failed to credit five blood pressure readings taken during her husband's service.

Our jurisdiction to review decisions of the Veterans Court is limited by statute and, absent a constitutional issue, we have no authority to review a challenge to a factual

determination or a challenge to the application of law to particular facts. 38 U.S.C. §7292(d)(2) (2006). The issues presented are within the proscribed categories. Although Mrs. Hite also contends that the Board erred in failing to apply 38 C.F.R. §3.303(b), which provides a presumption of service connection for a "chronic disease shown as such in service (or within the presumptive period under §3.307)" that is manifested again "at any later date, however remote," "unless clearly attributable to intercurrent causes," the applicability of §3.303(b) turns on the factual determination of whether a chronic disease was shown during service or within the presumptive one-year period. The Veterans Court's finding that hypertension was not shown during service or within one year thereafter is a factual finding, and review of that finding is not within our appellate jurisdiction.

Mrs. Hite also states that the VA failed to notify her of the information and evidence needed to substantiate her claim, as required by 38 U.S.C. §5103(a). Mrs. Hite disputes that she received a March 2004 notification letter from the VA. However, the Veterans Court affirmed the Board's determination that §5103(a) notice was provided, citing Mrs. Hite's written response in October 2004, which stated "that she had 'no further new evidence to add to her case, and she had exhausted all means to gather any additional information.'" Veterans Court Decision at 4. Although failure to notify a claimant of rights or deadlines may be a ground of appropriate relief, the burden of proving that such error occurred, and whether the error was harmful, is on the claimant. See Shinseki v. Sanders, 556 U.S. ____, 129 S. Ct. 1696 (2009).

Mrs. Hite also states that the Board erred by refusing to give her the benefit of the doubt in accordance with 38 U.S.C. §5107(b). The benefit-of-the-doubt doctrine applies when the evidence is "nearly equal," thereby creating a "reasonable doubt." Ortiz v.

<u>Principi</u>, 274 F.3d 1361, 1364-65 (Fed. Cir. 2001). It does not apply when the veterans tribunals find that the evidence weighs against the claim, as was found here. <u>See id.</u> at 1365. As to whether the Board and the Veterans Court erred in any factual findings with respect to Mrs. Hite's claim, we do not have jurisdiction to review these findings. The appeal must be dismissed.

No costs.