NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID K. KALAN,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7132

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1533, Chief Judge Bruce E. Kasold.

---

Decided: December 4, 2013

---

DAVID K. KALAN, of Pahrump, Nevada, pro se.

WILLIAM J. GRIMALDI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director. Of counsel on the brief was DAVID J. BARRANS, Deputy Assistant General

Counsel, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

David K. Kalan ("Kalan") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying entitlement to service connection for a left hip disorder. *Kalan v. Shinseki*, No. 12-1533, 2013 WL 2944880 (Vet. App. June 14, 2013). For the reasons that follow, we dismiss for lack of jurisdiction.

## BACKGROUND

Kalan served on active duty in the United States Army from September 1965 to July 1967. In November 2006, Kalan filed a claim for entitlement to service connection for a hip disorder. Kalan maintained that he injured his left hip by falling from a truck during his service. Neither Kalan's service medical records nor his separation reports of medical examination and history indicate that he received a hip-related injury while in service. In March 2007, the Department of Veterans Affairs Regional Office in Reno, Nevada issued a rating decision denying Kalan's claim for service connection. *In re Kalan*, No. 08-11 360, at 2, 5 (Bd. Vet. App. Jan. 23, 2012) ("*Board Decision*"). Kalan appealed that determination to the Board.

In January 2012, the Board denied service connection for Kalan's hip disorder. *Board Decision* at 16. The Board found that the preponderance of the evidence was against service connection for Kalan's claimed injuries. *Id.* The Board found that, although the evidence of record was divided, the evidence supporting service connection

was not persuasive and was inconsistent, and that the medical evidence was not based on the record or supported by sound rationale. *Id.* at 15.

Kalan requested review of the Board decision by the Veterans Court, arguing that the Board incorrectly weighed the evidence and did not apply the benefit of the doubt rule. *Id.* at *2. The court affirmed the Board's decision. *Kalan*, 2013 WL 2944880, at *1. The Veterans Court held, *inter alia*, that the Board's finding that the preponderance of the evidence was against service connection was not clearly erroneous and, accordingly, the benefit of the doubt rule did not apply. *Id.* at *2 (citing *Ortiz v. Principi*, 274 F.3d 1361, 1364 (Fed. Cir. 2001)). Kalan timely appealed to this court.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

Kalan's main argument is that the Veterans Court erred in its application of the benefit of the doubt rule, which requires the Secretary to consider all information of record, and, if "there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). However, the benefit of the doubt rule is inapplicable "where the Board determines that the preponderance of the evidence weighs against the veteran's claim." *Fagan*

*v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009). The doctrine "is not a means of reconciling actual conflict or a contradiction in the evidence." 38 C.F.R. § 3.102.2. The doctrine applies when the evidence is in "approximate balance" or "almost exactly equal." *Ortiz*, 274 F.3d at 1364.

Kalan asserts that the preponderance of the evidence was in his favor and that the Board erred by incorrectly weighing that evidence. Kalan is essentially challenging the Board's application of the benefit of the doubt rule, not the Board's interpretation of it. Kalan's argument thus rests on disagreement with the Board's evaluation and weighing of the evidence, which constitute factual determinations that lie beyond our jurisdiction under 38 U.S.C. § 7292(d)(2).

Kalan also argues that the Veterans Court violated his 14th Amendment right to equal protection under the law. However, Kalan does not provide an adequate explanation for the way the Veterans Court violated his 14th Amendment rights. Without an explanation to provide an adequate basis for his claim, it is a constitutional claim in name only and outside of our jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding invocation of a constitutional label does not establish jurisdiction).

We have considered Kalan's remaining arguments and conclude that they are without merit. For the foregoing reasons, we must dismiss for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.