Citation Nr: 1542432 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 09-34 348 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran and his spouse


ATTORNEY FOR THE BOARD

Amanda Christensen, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1971 to April 1978, with subsequent periods of service in the Reserves and National Guard.

This appeal comes before the Board of Veterans' Appeals (Board) from a June 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

In October 2011 the Board found there was new and material evidence to reopen the Veteran's claim for service connection for bilateral hearing loss and remanded the claim for further development. The Veterans Law Judge who authored that opinion and held the March 2011 videoconference hearing is no longer with the Board. The Veteran requested a hearing before another Veterans Law Judge. In June 2015 the Veteran testified in a video hearing in front of the undersigned Veterans Law Judge. The transcript of the hearing is associated with the claims file and has been reviewed.

The Board received additional medical evidence from the Veteran in September 2015 consisting of a private audiological examination and letter by the examiner. The Veteran waived initial RO consideration of this evidence.


FINDING OF FACT

The evidence is at least in equipoise as to whether the Veteran's bilateral sensorineural hearing loss is due to his noise exposure in service.


CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1110, 1131, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Service connection will be granted if it is shown that the veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2014). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994). 

To establish service connection, there must be a competent diagnosis of a current disability; medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999); see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 
 
In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

The Veteran has been diagnosed with mixed hearing loss by both VA and private examiners. The medical opinion evidence is in conflict as to whether the Veteran has hearing loss as a result of his service.

The Veteran has credibly testified and personnel records show that from 1971 to 1978 his military occupational specialty was armor crewman and track vehicle mechanic, which exposed him to loud noise. He testified that he then served in the Reserves in light infantry, firing weapons every third or fourth month. He then transferred to the National Guard working with tanks. The Veteran has reported that he did not wear hearing protection before the mid-1980s and had minimal noise exposure and used hearing protection outside of his active service.

In November 2011, the Veteran underwent a VA examination and an opinion was obtained as to the etiology of the mixed hearing loss. The doctor who provided the opinion stated that the conductive component of mixed sensorineural and conductive hearing loss is never due to noise exposure. He also stated that comparing the Veteran's 1971 entrance examination and 1978 separation examination showed no hearing loss or significant threshold shift. He stated that noise induced hearing loss does not progress and acoustic trauma affects the hearing levels at the time of injury and does not appear after the fact. Therefore, he concluded that hearing loss appearing on audiograms following the Veteran's separation from active service was not related to his active service.

In April 2011, the Veteran submitted a letter from his family physician that stated that his hearing loss was as likely as not to have been caused by intense noise exposure during his years in active duty service.

In June 2015, the Veteran underwent a private audiological examination. The examiner opined that he had bilateral moderate to severe mixed hearing loss and the mild to moderate sensorineural component of the loss is likely the result of his active duty.

The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 

The implementing regulation at 38 C.F.R. § 3.102 restates the provision in terms of "reasonable doubt." Evidence is in "approximate balance" when the evidence in favor or and opposing the veteran's claim is found to be almost exactly or nearly equal. The statutory benefit of the doubt rule applies when the factfinder determines that the positive and negative evidence relating to a veteran's claim are "nearly equal," thus rendering any determination on the merits "too close to call." Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001). 

Because the evidence in this case is at least in equipoise with regard to whether hearing loss is due to noises exposure during service, service connection is warranted and the claim must be granted. 

ORDER

Service connection for bilateral hearing loss is granted.



____________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs