NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TREVA R. WOODS-CALHOUN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2016-1588

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-3507, Chief Judge Bruce E. Kasold.

_____

Decided: June 14, 2016

_____

TREVA R. WOODS-CALHOUN, Covington, TN, pro se.

ZACHARY JOHN SULLIVAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; Y. KEN LEE, CHRISTINA

LYNN GREGG, Office of General Counsel, Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, DYK, and STOLL, *Circuit Judges.*

PER CURIAM.

Ms. Treva R. Woods-Calhoun appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("the Board") denying benefits for migraine headaches, flat feet, and diabetes mellitus. Because we discern no legal error in the decision of the Veterans Court, we <u>affirm</u>.

## BACKGROUND

Ms. Woods-Calhoun served on active duty from December 1986 to April 1991. In October of 2008, a Department of Veterans Affairs (VA) regional office denied Ms. Woods-Calhoun's claims for service connection for diabetes mellitus, flat feet, migraine headaches, and hearing loss. In April of 2011, on appeal, the Board remanded for further fact-finding regarding her claims. On remand, the VA examiner concluded that a service connection existed for her hearing loss but that the injury was minor and non-compensable. The VA examiner also concluded that Ms. Woods-Calhoun did not suffer from diabetes and that Ms. Woods-Calhoun's flat feet and migraine headaches were not service connected.

Ms. Woods-Calhoun sought review of the denial of her claims but did not seek review of the hearing loss determination. Based on the examiner's findings, the Board denied service connection for the three conditions at issue on this appeal: diabetes mellitus, migraine headaches, and flat feet. The Board found that, relying on the examiner and looking at all of the medical records, "the pre-

ponderance of the evidence shows that the Veteran does not have diabetes mellitus." S. App'x 30–31. With respect to Ms. Woods-Calhoun's claims for flat feet and migraine headaches, the Board found that "[t]here is no competent opinion in support of either of the claims." *Id.* at 32. The Board found Ms. Woods-Calhoun's claims that these problems surfaced during her service not credible, leaving the "only competent opinions of record" to be the examination reports finding no service connection. *Id.*

Ms. Woods-Calhoun appealed to the Veterans Court.[1] The Veterans Court affirmed the decision of the Board, holding that "the Board's finding that Ms. Woods-Calhoun's allegations regarding in-service foot problems, headaches, and diabetes were inconsistent with the record evidence is plausible and not clearly erroneous." *Id.* at 3.

Ms. Woods-Calhoun now appeals to our court. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c).

---

[1] In addition, when the case was pending in the Veterans Court the VA sought a remand in light of an error in the examiner's report stating that the veteran received treatment for foot pain while in service. Ms. Woods-Calhoun did not, in fact, receive such treatment. The Veterans Court found that the examiner's error was not prejudicial because "there is no basis to believe [the examiner] would render a different opinion if he understood that there was a lack of treatment for increased foot pain while in service, as opposed to his apparent understanding that Ms. Woods-Calhoun received such treatment." S. App'x 12.

DISCUSSION

Throughout her brief, Ms. Woods-Calhoun challenges the Board's weighing of evidence in denying her claims for service connection and the Board's credibility determinations. These issues are outside our jurisdiction. *See* 38 U.S.C. § 7292(c); *King v. Shinseki*, 700 F.3d 1339, 1345–46 (Fed. Cir. 2012) ("[T]his court is precluded from reviewing challenges to factual determinations or challenges to an application of law to fact."). Ms. Woods-Calhoun also purports to raise due process violations, asserting that "[her] Constitutional rights have been violated based on disabilities." Cl. Br. at 13. But she offers nothing in support of this assertion and, as such, it too is outside our jurisdiction.

Ms. Woods-Calhoun also contends that the Board and the Veterans Court did not properly afford her the "benefit of the doubt." Section 5107(b) of title 38 requires that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the [VA] shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). Thus, "when the positive and negative evidence relating to a veteran's claim for benefits are in 'approximate balance,' thereby creating a 'reasonable doubt' as to the merits of his or her claim, the veteran must prevail." *Ortiz v. Principi*, 274 F.3d 1361, 1364 (Fed. Cir. 2001). However, "the 'benefit of the doubt' doctrine has no application where the Board determines that the preponderance of the evidence weighs against the veteran's claim or when the evidence is not in equipoise." *Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009) (internal quotation marks omitted) (quoting and citing *Ortiz*, 274 F.3d at 1366).

Here, the Board determined that Ms. Woods-Calhoun's testimony was not credible and that the pre-

ponderance of the evidence did not support a determination that Ms. Woods-Calhoun was entitled to service-connected disability for diabetes, flat feet, and headaches. This is not a situation where the evidence "in favor of and opposing the veteran's claim [was] found to be almost exactly or nearly equal." *Ortiz*, 274 F.3d at 1364. There was no error in not applying the "benefit of the doubt" doctrine.

We note that Ms. Woods-Calhoun also raises arguments relating to her claim for hearing loss and an unrelated claim for entitlement to vocational rehabilitation and employment services. Those claims were not before the Board or the Veterans Court and are not properly before us now. Further, it appears from the record that those claims have already been resolved: Ms. Woods-Calhoun received a noncompensable service connection determination in relation to the hearing loss from which she did not appeal, and Ms. Woods-Calhoun withdrew her appeal relating to vocational rehabilitation and employment services.

## AFFIRMED

### COSTS

No costs.