﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190508-8624
DATE: September 26, 2019

ORDER

A total disability rating based on individual unemployability (TDIU) prior to May 12, 2018 is denied.

FINDING OF FACT

The Veteran’s service-connected disabilities did not render him unable to obtain or maintain substantially gainful employment prior to May 12, 2018.

CONCLUSION OF LAW

The criteria for a TDIU prior to May 12, 2018 are not met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 2008 to April 2012. He filed the claim currently on appeal in November 2017. The Agency of Original Jurisdiction (AOJ) denied the claim in a January 2018 rating decision. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No 115-55 (to be codified as amended in scattered sections of 38 C.F.R. § U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), creating a new framework for review of a Department of Veterans Affairs (VA) decision. In November 2018, the Veteran chose to participate in VA’s test program for AMA, the Rapid Appeals Modernization Program (RAMP) and, accordingly, this decision is consistent with the new AMA framework. 

The Veteran selected the Higher-Level Review Lane before the AOJ when he submitted his RAMP election form on November 21, 2018. The AOJ issued a RAMP rating decision in February 2019 and the Veteran timely appealed to the Board, requesting direct review of the evidence considered by the AOJ. In adjudicating the claim, the Board may consider evidence associated with the record between the November 20, 2017 date of claim and November 21, 2018, the date VA received the Veteran’s form opting into RAMP. 

The Veteran’s Contentions 

The Veteran contends that the combination of his mental and physical disabilities rendered him entitled to a TDIU prior to May 12, 2018. 

TDIU prior to May 12, 2018

VA will grant a TDIU where a Veteran's service-connected disabilities are rated less than total, and the evidence shows that they prevent him or her from obtaining and maintaining any form of gainful employment consistent with his or her education and occupational experience. See 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. If there is only one such disability, it must be rated at least 60 percent disabling to qualify for TDIU benefits; if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a). 

In determining whether an appellant is entitled to a total disability rating based upon individual unemployability, neither the appellant’s nonservice-connected disabilities nor advancing age may be considered. 38 C.F.R. §§ 3.341(a), 4.19. Factors to be considered are the Veteran’s education, employment history, and vocational attainment. See Ferraro v. Derwinski, 1 Vet. App. 326, 332 (1991).

Here, the Veteran’s service-connected back, wrist, chest, tinnitus and scar disabilities had a combined rating of 60 percent on August 22, 2015, with his back disability rated as 40 percent. In addition to these physical disabilities, the Veteran was also service-connected for chronic adjustment disorder, effective May 1, 2017. Accordingly, the Veteran met the schedular requirements for a TDIU as of May 1, 2017. As of May 12, 2018, the Veteran’s combined disability rating was 100 percent and the issue of a TDIU after May 12, 2018 is moot. 

After reviewing the evidence of record, the Board finds that the Veteran’s service-connected disabilities did not prevent him from maintaining substantially gainful and meaningful employment during the relevant time period. 

The Veteran reported to the Social Security Administration (SSA) that he worked work as a computer operator from September 2014 to September 2015, in customer support from January 2016 to March 2016, as a retail associate from June 2016 to August 2016 and as a self-employed delivery driver from December 2016 to March 2017. The Veteran also reported to SSA that he worked as a security monitor from August 2016 to November 2016. Although the Veteran claimed in his SSA application that he was unable to work as of March 15, 2017 due to his service-connected back, chest, wrist and tinnitus injuries, the record reflects that he reported during his August 2018 VA examination for his back that he had been working for two months in a “desk job.” The record also reflects that the Veteran was accepted into the VA vocational rehabilitation program in August 2016 and was able to obtain an associate degree in November 2017. The evidence of record does not suggest that the Veteran’s employment was less than gainful. In a November 2017 determination, SSA found the Veteran was “not disabled” because, although he had some limitations in his ability to perform work-related activities, his back, chest, wrist and tinnitus injuries were not severe enough to prevent him from working. 

The relevant VA examinations do not reflect that the Veteran’s physical disabilities rendered him unemployable. December 2017 VA examinations of the Veteran’s back and chest injury found that they had no impact on the Veteran’s ability to work. 

A December 2017 VA examination of the Veteran’s mental disorder noted that the Veteran had occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. The Veteran reported to the examiner that he had never been fired from employment and worked as a computer operator for a year following his discharge from the military until the company he worked for was bought out. The Veteran reported that he quit his job making deliveries because of problems lifting but he was thereafter able to obtain his associate degree in information technology. The examiner concluded that the Veteran did have some occupational impairment due to his mental disorder but that it did not render him “unemployable.” 

The Veteran’s contention that his mental and physical disabilities rendered him unemployable in the time period in question is not supported by the record. The Veteran was generally employed or a student from August 2015 through November 2017 and reported employment in August 2018. The relevant physical examinations found no impact on the Veteran’s ability to work and the mental examiner concluded that the Veteran was not unemployable. Moreover, the November 2017 SSA determination that the Veteran was not disabled for SSA purposes is probative evidence which tends to weigh against his TDIU claim. Given the evidence, the Board concludes that the Veteran’s service-connected disabilities did not prevent him from obtaining and maintaining any form of gainful employment consistent with his education and occupational experience. 

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claims, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001).

 

 

S. C. KREMBS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Snyder, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.