﻿Citation Nr: AXXXXXXXX
Decision Date: 06/29/20 Archive Date: 06/29/20

DOCKET NO. 191112-44528
DATE: June 29, 2020

ORDER

Entitlement to service connection for bunions of the left foot is denied.

Entitlement to service connection for bunions of the right foot is denied.

FINDINGS OF FACT

1. The Veteran’s bunions of the left foot were not incurred in, or caused, by an in-service event or disease, including plantar warts and hyperkeratosis.

2. There is no in-service event or injury that caused the bunions of the Veteran’s right foot.

CONCLUSIONS OF LAW

1. The criteria for service connection for bunions of the left foot have not been met. 38 U.S.C. §§ 101, 106, 1131, 5107; 38 C.F.R. §§ 3.303, 3.304.

2. The criteria for service connection for bunions of the right foot have not been met. 38 U.S.C. §§ 101, 106, 1131, 5107; 38 C.F.R. §§ 3.303, 3.304.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from August 1977 to May 1983.

This appeal comes to the Board of Veterans’ Appeals (Board) from a Department of Veterans Affairs (VA) April 2018 rating decision of the Agency of Original Jurisdiction (AOJ).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs’ (VA) decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review Lane when he submitted his signed RAMP election form in October 2018. Accordingly, the February 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran filed a timely VA Form 10182 in November 2019 to appeal the February 2019 rating decision, and selected the Direct Review Board option.

The Veteran’s claim for entitlement to service connection was initially denied in a March 2015 rating decision by the AOJ. This denial was not appealed in a timely manner, and thus became final. In its February 2019 rating decision, the AOJ found that the Veteran submitted new and relevant evidence per the AMA, and issued a favorable finding reconsidering the Veteran’s service connection claim. 38 U.S.C. § 5108, as amended by Public Law 115-55. As directed by the AMA, the Board will not disturb this favorable finding by the AOJ.

Service Connection

Service connection generally requires (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) competent evidence of a causal relationship, or nexus, between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Certain chronic diseases, including arthritis, will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

Lay evidence can be competent and sufficient to establish a diagnosis of a condition when: (1) a layperson is competent to identify the medical condition, (e.g., a broken leg, separated shoulder, pes planus (flat feet), varicose veins, tinnitus (ringing in the ears), etc.), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

After careful consideration of all evidence available in a given case, any reasonable doubt, meaning a point where there is an approximate balance of positive and negative evidence regarding any issue material to the determination, VA will resolve that doubt in the Veteran’s favor. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Entitlement to service connection for bunions of the left foot

The Veteran contends that his left foot bunions are due to his military service. The Veteran’s medical record shows that he has been diagnosed with bilateral bunions. Therefore, the first Shedden element necessary to establish service connection has been met.

The Veteran’s service treatment records (STRs) show that in October 1981 he was treated for a left foot plantar wart which was trimmed. This fulfills the second Shedden element necessary to establish service connection.

What is left for the Board to determine is whether there is a link, or nexus, between the Veteran’s current diagnosis of left foot bunions and his in-service plantar warts. While the Veteran may allege that his in-service foot issues caused his current bunions, the etiology of bunions is a complex medical determination that can only be made by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

In March 2015 the Veteran was seen for a VA examination to determine the etiology of his left foot bunions. The Veteran stated that he had developed foot calluses while in the military and that it all began when he started running in boots. The examiner confirmed the diagnosis of bilateral hallux valgus and calluses. His bunion deformity was noted to be bilateral with the corns present on the right foot. Additionally, the examiner noted that the Veteran had hyperkeratotic lesions, plantar right hallux, 1st MPJ and lateral plantar midfoot. The examiner stated further that the medical record indicates that warts and hyperkeratosis of the left foot on review, and that the corns are not a direct cause of the bunion deformity. The examiner opined that it is less likely than not that the Veteran’s in-service left foot conditions caused, or are otherwise related to, his current bilateral foot bunions. 

With the preponderance of the evidence being against the Veteran, the Board finds holds that Veteran’s claim for entitlement to service connection for bunions of the left foot are denied.

As the preponderance of the evidence is against the Veteran’s claims, the benefit of the doubt doctrine does not apply. Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).

2. Entitlement to service connection for bunions of the right foot

The Veteran contends that the bunions on his right foot are due to his military service. 

The Veteran’s medical record shows that he has been diagnosed with bunions on his left and right feet. Of particular note, the Veteran has had his right big toe amputated due to complications of an infection. The Board finds that the first Shedden element necessary to establish service connection has been fulfilled.

The Veteran’s service treatment records (STRs) do not contain any complaints of bunions specifically, or foot injuries or issues generally, relating to the Veteran’s right foot. In his May 1977 enlistment examination, the Veteran stated that he was “in good health.” Furthermore, the examining physician found no health issues, and that the Veteran’s feet were “normal.” No right-foot issues were noted on the Veteran’s separation examination. In October 1985 the Veteran was seen for a physical examination while in the United States Army Reserve. The Veteran said his overall health was “good,” and specifically denied any issues with his right-foot. As such, the second Shedden element necessary to establish service connection has not been met. 

The Veteran’s claim for entitlement to service connection for bunions of the right foot are denied.

As the preponderance of the evidence is against the Veteran’s claims, the benefit of the doubt doctrine does not apply. Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).

 

 

S. L. Kennedy

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Neville, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.