﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 200616-95431
DATE: September 30, 2020

ORDER

Entitlement to an initial rating in excess of 20 percent for diabetes mellitus type II is denied.

FINDING OF FACT

During the entire period on appeal, the Veteran’s diabetes mellitus type II is managed by restricted diet and prescribed oral hypoglycemic agent(s).

CONCLUSION OF LAW

The criteria for entitlement to an initial rating in excess of 20 percent for diabetes mellitus type II have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.119, Diagnostic Code 7913.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1964 to September 1986. In April 2019, the Veteran testified via videoconference before the undersigned. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran selected the Evidence Submission lane when he opted into the AMA review system by submitting a June 2020 VA Form 10182 following the May 2020 statement of the case (SOC).

Increased Rating

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities. 38 C.F.R. Part 4. The Schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. 

The Veteran’s entire history is reviewed when making disability ratings. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, when the question for consideration is the propriety of the initial disability rating assigned, evaluation of the medical evidence since the grant of service connection and consideration of the appropriateness of “staged rating” is required. See Fenderson v. West, 12 Vet. App. 119, 126 (1999). Staged ratings are also appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. The relevant focus for adjudicating an increased rating claim is on the evidence concerning the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim. Hart v. Mansfield, 21 Vet. App. 505 (2007).

Entitlement to an initial rating in excess of 20 percent for diabetes mellitus type II

The Veteran contends that his diabetes mellitus disability warrants a rating in excess of 20 percent.

The Veteran’s disability is rated under Diagnostic Code (DC) 7913. Under this DC, a rating of 20 percent is warranted if diabetes requires one or more daily injections of insulin and restricted diet, or: oral hypoglycemic agent and restricted diet.

A rating of 40 percent is warranted if there is evidence that diabetes requires one or more daily injections of insulin, restricted diet, and regulation of activities. 

A rating of 60 percent is warranted for diabetes requiring more than one daily injection of insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated.

A rating of 100 percent is warranted for diabetes requiring more than one daily injection of insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately evaluated.

Note 1 to diagnostic code 7913 sets forth that compensable complications of diabetes shall be evaluated separately unless they are part of the criteria used to support a 100 percent evaluation. Noncompensable complications are considered part of diabetic process under DC 7913. 

Note 2 to diagnostic code 7913 sets for that when diabetes mellitus has been conclusively diagnosed, a glucose tolerance test is not required solely for rating purposes.

Despite the Veteran’s contentions, there is no medical evidence that shows the Veteran’s diabetes requires regulation of activities, or results in episodes of hypoglycemia or ketoacidosis in order to warrant entitlement to a rating in excess of 20 percent for diabetes mellitus type II.

VA diabetes mellitus examinations dated in June 2014, July 2015, May 2016, and November 2018 all reflect that the Veteran’s diabetes is controlled with restricted diet and a prescribed oral hypoglycemic agent. All of the examinations reflect the Veteran’s diabetes does not require regulation of activities. Additionally, the Veteran visits his physician less than two times per month, had zero episodes of ketoacidosis of hypoglycemia over the past 12 months, and experienced no progressive unintentional weight loss or loss of strength attributable to diabetes mellitus. 

A review of the Veteran’s VA and private treatment records do not reflect that the Veteran’s diabetes mellitus requires regulation of activities. 

(Continued on the next page)

 

At the Veteran’s April 2019 Board hearing, he stated that his diabetes has been managed with Metformin, a restricted diet, and restricted activity for the past 5 years. Despite the Veteran’s testimony, the evidence shows the Veteran’s diabetes disability has not required restricted activity at any time during the period on appeal. 

In sum, the evidence is against a finding that a disability rating in excess of 20 percent for diabetes mellitus, type II and the claim must be denied. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine enunciated in 38 U.S.C. § 5107 (b) is not applicable, as there is no approximate balance of evidence. Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990); Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).

 

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Mitchell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.