﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200305-68416
DATE: December 31, 2020

ORDER

Entitlement to service connection for a mental health disability, to include posttraumatic stress disorder (PTSD), is denied.

FINDING OF FACT

The evidence does not contain a diagnosis of PTSD that is related to an in-service stressor by a Department of Veterans Affairs (VA) or VA-contract psychiatrist or psychologist, or any other mental health diagnosis.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a mental health disability, to include PTSD, have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304(f)(3).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Army from February 1981 to February 2001. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 Rapid Appeals Modernization Program (RAMP) rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran was notified of this February 2019 RAMP decision in March 2019. 

Prior to this decision, the Veteran elected to opt into RAMP via a December 2018 election form. In a February 2019 letter, the VA informed him that VA had withdrew his legacy appeal and would continue adjudicating the pending issue under his selected higher-level review lane. 

Following the February 2019 RAMP decision and March 2019 notification letter, in the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to service connection for a mental health condition, to include PTSD

Service connection for PTSD requires: (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. See 38 C.F.R. § 3.304(f).

The Veteran contends that he suffers from PTSD that is related to his service. He states that during service in 1997, he was getting ready for PT when he heard gunshots. He then went to PT and noticed that a fellow service member was not there; he later went home to find out that she had been murdered and he had heard the gun shots. About a month later another service member and friend was going home and had a car accident. About 3 months later another friend and service member was shot in the face and then the back. He stated that he was responsible for getting their uniforms for them to wear and then had to view the bodies, once prepared, for accuracy. See December 2018 Statement in Support of Claim for PTSD. The Veteran submitted newspaper articles that verify these deaths. See March 2018 Correspondence; see also December 2018 Correspondence. The Veteran and his spouse state that he relives these instances and experiences avoidance of other people and anxiety, amongst other issues. See December 2018 Statement.

The question before the Board is whether there is medical evidence supporting a PTSD diagnosis in accordance with VA regulations. 

The above described stressors fall within the general meaning of fear of hostile military or terrorist activity under the PTSD regulations because the Veteran “experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others . . . and the veteran’s response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror.” 38 CFR § 3.304(f)(3). For stressors related to fear of hostile military or terrorist activity, the regulations require that the PTSD diagnosis come from a VA or VA-contract psychiatrist or psychologist. See 38 C.F.R. § 3.304(f)(3). Thus, the Board may not consider the October 2018 private Disability Benefits Questionnaire (DBQ) from Dr. D.L. or the October 2018 private medical opinion from Dr. C.M. in determining whether the Veteran has a PTSD diagnosis based on a stressor related to fear of hostile military or terrorist activity for VA purposes because they are private practitioners and not VA or VA-contract psychiatrists or psychologists. See 38 C.F.R. § 3.304(f)(3). 

An April 2018 VA examiner concluded that the statements provided by the Veteran do not meet the stressor criteria. The VA examiner further concluded that the Veteran does not meet the criteria for a PTSD diagnosis and does not have a diagnosis for any other mental health disorder that conforms with DSM-5. See April 2018 VA examination. The examiner noted that “this assessment is not meant to negate the veteran’s honorable service nor is it meant to minimize any genuine fear and anxiety he experienced as a result of his experiences,” and explained that “his responses during and after these incidents (e.g. sustaining long relationships, enjoying social contacts, long and consistent work history) are judged to be normal and actually suggestive of a person with a high degree of adaptability and resilience.” Id. Moreover, the examiner indicated that the Veteran’s presentation and records are consistent with the trajectory of an individual who served his country, was exposed to a tragedy, and was able to successfully adjust. Thus, the examiner concluded that the Veteran did not have a diagnosis of PTSD or any other mental health disability pursuant to DSM-5. The Board finds this opinion is entitled to probative weight, as the examiner’s opinion was based on a thorough medical examination and review of the claims file. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

In sum, there is no competent evidence of record establishing that the Veteran was diagnosed with PTSD by a VA or VA-contract psychiatrist or psychologist during the pendency of this claim pursuant to 38 C.F.R. § 3.304(f)(3). Furthermore, there is no evidence or claim that the Veteran was diagnosed with PTSD in service, engaged in combat, was a prisoner-of-war, or sustained an in-service personal assault. See 38 C.F.R. § 3.304(f)(1), (2), (4), (5). Lastly, there is no evidence indicating that he was diagnosed with any other mental health disability throughout the rating period on appeal. Accordingly, the preponderance of the competent and probative evidence is against the Veteran’s claim, and service connection for PTSD is denied.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the probative evidence is against the claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990). 

 

 

S. Merrick

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. N. Wilson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.