Citation Nr: 1826231 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 11-23 754A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for right hand carpal tunnel syndrome.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Joseph, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from February 1974 to May 1977. During his period of service, the Veteran earned the National Defense Service Medal, Sharpshooter (M-16 Rifle) Badge, and Expert (Tank Weapons) Badge.

This matter comes before the Board of Veterans' Appeals (Board) from a June 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas, which, in pertinent part, denied entitlement to service connection for carpal tunnel syndrome, right hand. 

This issue was previously remanded in July 2017. All necessary development has been accomplished, and therefore appellate review of the claim may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993).


FINDINGS OF FACT

The Veteran's right hand carpal tunnel is not shown to be etiologically related to service.


CONCLUSION OF LAW

The criteria for service connection for right hand carpal tunnel have not been met. 38 U.S.C. §§ 1101, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303(2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board has reviewed all of the evidence in the record. Although the Board has an obligation to provide adequate reasons or bases supporting its decision, there is no requirement that each item of evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board will summarize the evidence as deemed appropriate, and the analysis below will focus specifically on what the evidence shows, or fails to show, with respect to the claims. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000).

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303.

In order to prevail on a claim of service connection, generally, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). 

With respect to the first element of service connection, a current diagnosis, the Veteran's August 2017 examination notes a diagnosis of carpal tunnel. Thus, the current disability criterion for service connection is met. See Shedden, supra.

Next, the Board must consider whether the Veteran sustained a disease or injury in service. A review of the Veteran's service treatment records does not reveal any complaints or diagnosis of any right wrist disabilities during his military service. However, the Veteran has reported that he began experiencing pain, numbness, and tingling in his hands in 1975 while in service. His DD-214 shows that his primary military occupational specialty (MOS) was Clerk Typist during service. The Veteran is competent to report on his observable symptomatology. See Jandreau v. Nicholson, 492 F.3d 1372, 1376 (Fed. Cir. 2007). As significant typing duties are consistent with the circumstances of the Veteran's service, an in-service injury or event of significant typing is established. As such, the Veteran has satisfied the second element for service-connection. See Shedden, supra.

As to the third element of service connection, it must be determined whether the Veteran's right hand carpal tunnel syndrome is related to service. The Board finds that the burden has not been met. 

Pursuant to the July 2017 remand, the Veteran appeared for a VA peripheral nerves examination in August 2017. The examiner diagnosed carpal tunnel. At the time of the examination, the Veteran reported that his wrist pain started in 1975 after he changed his military job. He stated that he started getting pain, numbness, and tingling in his hands. The Veteran reported that the symptoms had progressed since service, resulting in two surgeries for his right wrist carpal tunnel. 

The examiner opined that the Veteran's right hand carpal tunnel was less likely than not incurred in or caused by service, as there was no objective data of a diagnosis or treatment of carpal tunnel during service. The examiner indicated that the Veteran's separation examination was void of any mention of carpal tunnel or wrist pain; thus, a nexus could not be established. 

In light of the negative nexus opinion and lack of positive opinion to contradict the negative evidence, there is no basis for a grant of service connection for right hand carpal tunnel syndrome. In reaching this conclusion, the Board finds the August 2017 VA examination report to have great evidentiary weight, as the opinion reflects a comprehensive and reasoned review of the entire evidentiary record. The VA examiner reviewed the Veteran's claims folder and medical history, and examined the Veteran before rendering the medical opinion.

Consideration has also been given to the Veteran's contentions that his right hand carpal tunnel syndrome is related to his active service. The Board has also considered multiple buddy statements submitted on the Veteran's behalf in September and October 2011, which describe the Veteran's surgeries and complaints of pain. Although laypersons are sometimes competent to provide opinions on certain medical questions, the specific issue in this case falls outside the realm of common knowledge of a layperson, as it involves making definitive clinical diagnoses based on knowledge of neurology. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). While the Veteran is certainly competent to report that he experiences pain, numbness, tingling, and locking in his hands, he is not competent to link those complaints to a particular etiology. His assertions are therefore not competent evidence of a medical nexus. 

Based on the foregoing, the Veteran's claim for right hand carpal tunnel syndrome is denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claims of entitlement to service connection, that doctrine is not applicable. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2017); see also Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001). 

The Board is grateful for the Veteran's honorable service, and this decision is not meant to detract from that service. However, given the record before it, the Board finds that evidence in this case does not reach the level of equipoise. See 38 U.S.C. § 5107(a) ("[A] claimant has the responsibility to present and support a claim for benefits"); Skoczen v. Shinseki, 564 F.3d 1319, 1323-29 (Fed. Cir. 2009) (recognizing that "[w]hether submitted by the claimant or VA . . . the evidence must rise to the requisite level set forth in section 5107(b)," requiring an approximate balance of positive and negative evidence regarding any issue material to the determination). Thus, unfortunately, the Board concludes that service connection is not warranted.


ORDER

Entitlement to service connection for right hand carpal tunnel syndrome is denied.



____________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs