NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CECIL L. CARPENTER,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2019-2207

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2404, Judge Amanda L. Meredith.

---

Decided:  April 22, 2020

---

PAUL MICHAEL SCHOENHARD, McDermott, Will & Emery LLP, Washington, DC, for claimant-appellant.  Also represented by IAN BARNETT BROOKS.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; MARTIE ADELMAN, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, WALLACH, and HUGHES, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Cecil Carpenter appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") denying service connection. *See Carpenter v. Wilkie*, No. 18-2404, 2019 WL 2305860 (Vet. App. May 31, 2019) ("*Decision*"). Because Carpenter raises only factual issues over which we lack jurisdiction, we *dismiss* the appeal.

## BACKGROUND

Carpenter served on active duty in the U.S. Army from 1984 to 1987. Carpenter's service records reveal that he experienced numerous injuries during his service, including complaints of lower back pain, hip pain after being struck by a vehicle, a knee injury suffered during a softball game, and a back injury after falling while waxing a floor. His separation examination report documents no knee or spine conditions, symptoms, or other significant injuries. In the months after his separation, Carpenter complained of neck and knee pain, but VA examinations found his head, neck, and knees to be normal.

In 2007, Carpenter filed a claim for benefits for a right knee condition, which was denied. In 2010, Carpenter filed a second claim for benefits for cervical spondylosis and right knee patella chondromalacia. Carpenter also filed a report from a private orthopedic surgeon, Dr. Allen, concluding that there is a "probable association" between Carpenter's present conditions and the injuries suffered during his service. The Regional Office denied Carpenter's claim, and he appealed to the Board of Veterans' Appeals ("the Board").

At a Board hearing, Carpenter testified that he told his examiner about his neck, back, and knee injuries during his separation examination, but the examiner failed to note them. He also testified that he separated his patella during the softball game in which he injured his knee and had not suffered any post-service knee injuries. Additionally, Carpenter's wife testified that he had experienced knee, back, and neck pain during the entire 26 years for which she had known him.

The Board reopened Carpenter's claim and ordered a VA examination. The VA examiner determined that Carpenter's present conditions were not related to his in-service injuries, concluding that it is most likely that Carpenter's conditions, identified many years after his separation, were the result of physical stress since his separation. The Board denied Carpenter's claims, and he appealed to the Veterans Court.

The Veterans Court affirmed the Board's decision. The court determined that the Board did not err in crediting the results of the VA examination over the statements of Dr. Allen. *Decision* at *4. Specifically, the court held that the Board did not err in determining that Dr. Allen's opinions lack probative value because his opinions were based on Carpenter's statements of continuity of neck and knee pain, which the Board determined were inconsistent with other evidence of record. *Id.* Carpenter appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. § 7292(d)(2).

On appeal, Carpenter argues that the Veterans Court erred in denying service connection for his knee and spine conditions.  Specifically, Carpenter argues that the court failed to give him the benefit of the doubt as required by 38 U.S.C. § 5107(b).  Carpenter also argues that the court failed to credit the opinion of Dr. Allen and consequently imposed an improperly heightened burden on Carpenter to demonstrate continuity between his in-service injuries and his present conditions.

The government responds that we lack jurisdiction to review the Veterans Court's decision because Carpenter raises only factual issues on appeal—specifically, the Board's credibility determinations and its weighing of the evidence in denying service connection.

We agree with the government that Carpenter raises only factual challenges and we therefore lack jurisdiction over this appeal.  Although Carpenter argues that the Veterans Court committed legal error by failing to give Carpenter the benefit of the doubt, § 5107(b) applies only when the evidence is approximately in equipoise.  *See Ortiz v. Principi*, 274 F.3d 1361, 1364–65 (Fed. Cir. 2001).  Here, the Board did not determine that the evidence was approximately equal but rather that "the preponderance of evidence is against the claim."  J.A. 30.  Accordingly, the benefit-of-the-doubt rule was not engaged, and Carpenter's argument amounts to a request for this court to reweigh the evidence, which we lack jurisdiction to do.

Carpenter similarly attempts to cast the Board's credibility determinations as a legal error, arguing that the Board improperly discounted Dr. Allen's report solely because it was based on statements made by Carpenter.  However, as the Veterans Court observed, the Board did not discount Dr. Allen's opinion solely because it was based on Carpenter's statements as Carpenter contends, but rather because Carpenter's statements themselves were contradicted by other evidence of record.  *Decision* at *4.  It is

the appropriate role of the Board, as factfinder, to determine the credibility of evidence. *See Buchanan v. Nicholson*, 451 F.3d 1331, 1337 (Fed. Cir. 2006). Here, the Board performed this role in determining that Carpenter's statements were contradicted by other evidence and discounting Dr. Allen's opinion accordingly, and its "credibility determination is a question of fact beyond this court's jurisdiction." *Gardin v. Shinseki*, 613 F.3d 1374, 1380 (Fed. Cir. 2010).

## CONCLUSION

We have considered Carpenter's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

**DISMISSED**