﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190925-34247
DATE: April 30, 2020

ORDER

Entitlement to a rating in excess of 10 percent for tinnitus is denied.

Entitlement to an initial compensable rating for hemorrhoids is denied.

REMANDED

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is remanded.

FINDINGS OF FACT

1. The Veteran’s currently assigned 10 percent disability rating for tinnitus is the maximum schedular rating allowed under the applicable VA rating criteria.

2. The Veteran’s hemorrhoids did not arise to the level of being large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences, or persistent bleeding with secondary anemia, or with fissures.

CONCLUSIONS OF LAW

1. There is no legal basis to grant an increased rating for tinnitus. 38 U.S.C. § 1155; 38 C.F.R. § 4.87, Diagnostic Code 6260.

2. The criteria for an increased compensable rating for hemorrhoids have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.114, Diagnostic Code 7336.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service from December 1967 to December 1969. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). On September 25, 2019, the Veteran initiated an appeal to the Board under the Direct Review option of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA).

Under the AMA, favorable findings made by the AOJ are binding on the Board absent clear and unmistakable evidence to the contrary and will not be discussed at length in this decision. In this case, the AOJ made a favorable finding that the Veteran was not working at the time of the September 2019 rating decision. 

Increased Ratings

VA has adopted a Schedule for Rating Disabilities (Schedule) to evaluate service-connected disabilities. See 38 U.S.C. § 1155 ;38 C.F.R., Part IV. Disability evaluations assess the ability of the body as a whole, the psyche, or a body system or organ to function under the ordinary conditions of daily life, to include employment. 38 C.F.R. § 4.10. The percentage ratings in the Schedule represent the average impairment in earning capacity resulting from service-connected diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155 ;38 C.F.R. § 4.1. The percentage ratings are generally adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the disability. Id. 

The Schedule assigns Diagnostic Codes (DCs) to individual disabilities. DCs provide rating criteria specific to a particular disability. If two DCs are applicable to the same disability, the DC that allows for the higher disability rating applies. 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability is resolved in favor of the claimant. 38 C.F.R. § 4.3. There is a general rule against the “pyramiding” of benefits. See 38 C.F.R. § 4.14; see also Brady v. Brown, 4 Vet. App. 203, 206 (1993). However, a Veteran is entitled to separate disability ratings for different manifestations of the same disability when the symptomatology of one manifestation is not duplicative or overlapping of the symptomatology of the other manifestations. See Esteban v. Brown, 6 Vet. App. 259, 262 (1994).

The Veteran’s entire history is to be considered when making disability evaluations. 38 C.F.R. § 4.1. If there is disagreement with the initial rating assigned following a grant of service connection (i.e., a higher initial rating claim), separate ratings can be assigned for separate periods of time, based upon the facts found. Fenderson v. West, 12 Vet. App. 119, 125-26 (1999).

1. Entitlement to a disability rating in excess of 10 percent for tinnitus 

The Veteran contends that he is entitled to a rating in excess of 10 percent for his tinnitus. As a rating higher than 10 percent is unavailable under the Schedule, the Veteran’s claim is precluded as a matter of law. Therefore, his claim is denied.

Tinnitus is rated under 38 C.F.R. § 4.87, DC 6260, which provides a maximum 10 percent evaluation for recurrent tinnitus. Note (2) provides that a single evaluation for recurrent tinnitus is to be assigned, whether tinnitus is present in one or both ears. Id. A higher evaluation for tinnitus is not available.

In Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006), the Federal Circuit concluded that the Court erred in not deferring to the VA’s interpretation of its own regulations, 38 C.F.R. § 4.25 (b) and Diagnostic Code 6260, which limits a Veteran to a single schedular disability rating for tinnitus, regardless of whether the tinnitus is unilateral or bilateral. 

The service-connected tinnitus has been assigned the maximum schedular rating available for tinnitus. 38 C.F.R. § 4.87; DC 6260. As 10 percent is the highest evaluation available for this condition and because there is no legal basis upon which to award separate schedular evaluations for tinnitus in each ear, the Veteran’s appeal must be denied. Sabonis v. Brown, 6 Vet. App. 426 (1994).

2. Entitlement to an initial compensable rating for hemorrhoids 

The Veteran’s service-connected hemorrhoids are currently provided a non-compensable rating under Diagnostic Code (DC) 7336 for External and Internal Hemorrhoids. 

Under Diagnostic Code 7336, a non-compensable rating is given for mild or moderate internal or external hemorrhoids. Large or thrombotic hemorrhoids, irreducible, with excessive redundant tissue, evidencing frequent recurrences, are rated 10 percent disabling, and hemorrhoids with persistent bleeding and with secondary anemia, or with fissures, are rated 20 percent disabling. 38 C.F.R. § 4.114, DC 7336.

Turning to the evidence of record, the Veteran underwent an in-person VA examination in May 2019. The examiner determined that the Veteran had a diagnosis of hemorrhoids. The severity of the Veteran’s hemorrhoids was determined to be mild or moderate. The results of an examination of the rectal area showed that the Veteran suffered from small or moderate external hemorrhoids. 

In July 2019 correspondence, the Veteran reported that his hemorrhoids caused him to have swollen and inflamed veins in his rectum and anus that further caused him extreme discomfort. He reported that his hemorrhoids caused him to be very uncomfortable and ill, making it so that he cannot work daily due to bleeding.

While the Board sympathizes with the Veteran, the Board notes that the Veteran has not submitted any medical evidence that shows the Veteran’s hemorrhoid condition has resulted to large or thrombotic, irreducible with redundant tissue, evidencing frequent occurrence, or persistent bleeding or fissures or any other medical records showing the severity of his condition. 

Upon review of the evidence of record, the Board finds that a compensable rating is not warranted. As mentioned above, under Diagnostic Code 7336, a rating of 10 percent can be granted if there are large or thrombotic hemorrhoids, irreducible, with excessive redundant tissue, evidencing frequent recurrences and a 20 percent is granted if there are hemorrhoids with persistent bleeding and with secondary anemia, or with fissures. However, at no time during the pendency of the appeal has the Veteran been found to have large or thrombotic hemorrhoids, redundant tissue, or fissures of any kind. While the Veteran has reported pain and bleeding, the Veteran has not reported fissures and there is no medical evidence of large or thrombotic hemorrhoids. 

In light of the foregoing, the Board concludes that the preponderance of evidence is against the claim and the benefit of the doubt doctrine is not for application. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F.3d 1361(Fed Cir. 2001).

REASONS FOR REMAND

1. Entitlement to a TDIU is remanded.

The Veteran contends that he is entitled to a TDIU due to his service-connected disabilities. 

The Veteran’s service-connected disabilities include vertigo (10 percent since February 22, 2018); COPD (10 percent since February 22, 2018); tinnitus (10 percent from September 17, 2018); and hemorrhoids (0 percent since February 27, 2019). In this case, the Veteran does not meet the threshold statutory requirements for TDIU. 

When the schedular TDIU requirements are not met, as is the case here, entitlement to a TDIU on an extraschedular basis may still be granted. See 38 C.F.R. § 4.16(b). In this regard, the Board notes that neither the Agency of Original Jurisdiction (AOJ) nor the Board is authorized to assign an extraschedular TDIU in the first instance under 38 C.F.R. § 4.16(b). See Wages v. McDonald, 27 Vet. App. 233 (2015). 38 C.F.R. § 4.16(b) states that “rating boards should submit to the Director, Compensation Service, for extra-schedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the” schedular TDIU requirements. Accordingly, the issue before the Board is more specifically whether referral to the Director of Compensation Service for consideration of an extraschedular TDIU is warranted. 

The Veteran contends that a rating cannot determine his pain and suffering on a daily basis. In regard to his tinnitus, he contends that he is unable to hear and cannot work due to noise from service-connected disabilities. The Veteran has specifically requested that his claim be sent to the Director of Compensation Service for consideration of an extraschedular TDIU. 

In July 2018, a VA examiner opined that the Veteran’s tinnitus impacted his ordinary conditions of daily life, including his ability to work due to the constant ringing in the Veteran’s ears which annoyed him. In a June 2019 statement, the Veteran wrote that his tinnitus keeps him from working as the ringing makes him sick.

In another June 2019 statement in support of claim, the Veteran reported that he has not been able to work and was unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities. The Veteran contended that despite the percentages of his disabilities, the medically disabling service-connected disabilities should be evidence of compensation for extraschedular consideration. Specifically, the Veteran wrote that his work was impacted by the ringing in his ears which is annoying. He also stated that the ringing in his ears makes him hostile, feel anger, rage, and irritable discomforting emotions that last for a long time. The Veteran continued, stating that these emotions frequently cause problems in his relationship with his wife. The Veteran also reported that his service-connected hemorrhoids are a reason he cannot have a normal job requiring him to sit down. 

In a July 2019 lay statement, the Veteran wrote that his service-connected disabilities were so severe for him that his daily life was greatly impacted. 

In a July 2019 VA examination for the Veteran’s hemorrhoid condition, the examiner opined that the Veteran’s rectum condition impacted his ability to work. The examiner provided that the Veteran’s hemorrhoids caused the Veteran to have rectal bleeding and pain. These symptoms adversely affect the Veteran’s productivity levels as he is less efficient and tends to take longer to complete tasks. The examiner also wrote that the Veteran is adversely affected due to an inability to function at ideal capacity due to frequent restroom breaks and frequent re-positioning. Lastly, the examiner wrote that sedentary work would be difficult as well due to the Veteran’s difficulty in sitting for long periods. 

In the present case, there is plausible evidence of record that the Veteran is unable to secure or follow a substantially gainful occupation due to his service-connected disabilities. Therefore, the Board finds that a pre-decisional duty to assist error was made, and remand for referral for extraschedular consideration of TDIU is warranted. See Bowling v. Principi, 15 Vet. App. 1, 10 (2001).

The matters are REMANDED for the following action:

1. Refer the Veteran’s claim to the Director of Compensation and Pension Service, for consideration of an extra-schedular TDIU award in accordance with 38 C.F.R. § 4.16 (b). The Director should note that an extraschedular evaluation under 38 C.F.R. § 4.16 (b) requires a determination that a Veteran is rendered unable to secure or follow a substantially gainful occupation by reason of his or her service-connected disabilities. 

The Veteran’s employment history, educational and vocational attainment, and all other factors having a bearing on his employability (or lack thereof) should be considered.

 

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Vosburgh, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.